## McCord v. Love and Williams.

1. Where L owned five slaves and W owned three others, and it was agreed between them to work them on a plantation, for the joint benefit of L and W; and afterwards a contract was made by L, with the defendant, for services to be performed by the whole number of slaves; L & W may join in an action for the breach of this contract, notwithstanding the defendant was ignorant of any interest of W in the contract.

Writ of error to the Circuit Court of Lowndes county.

ACTION of assumpsit on a special contract, by which the defendant, in consideration of the services, of certain slaves of the plaintiffs, to be performed, promised to furnish eighty acres of cleared land, and plant twenty-five or thirty acres of corn for the plaintiffs. The declaration contains also a count for work and labor done by said slaves. Issues were joined on several pleas, and a verdict returned for the plaintiffs, on which judgment was rendered.

At the trial, it appeared that the contract was made by the defendant with Love, and there was no evidence, shewing that the former knew that Williams had any interest in the contract, or in the slaves; five of the slaves were owned by Love, and three were owned by Williams. Williams lived in South Carolina, and had sent three slaves to Alabama, by Love, for the purpose of farming together. The services were performed by all the slaves.

On this state of facts, the defendant requested the Court to instruct the jury, if they believed the eight slaves were the separate, and not joint property of the plaintiffs, they could not recover, unless they proved a promise by the defendant to pay them jointly. This was refused, and the defendant excepted. This refusal is now assigned as error.

CLARK, for the plaintiff in error,—cited Lloyd v. Archbowle (2 Tuunt. 324.)

COOK, contra,—cited Skinner v. Stocks, (4 B. & A. 437.)

GOLDTHWAITE, J.—The true rule, with respect to the parties in such an action as this, is the one declared by the

Court of King's Bench, in the case of Skinner v. Stocks, (4 B. & A., 437.)   The action may be maintained, either in the name of the person with whom the contract was actually made, or in the names of the parties really interested.   If the introduction of these names makes any difference in fact, to the defendant, by affecting his right of set off, it is supposed he could plead the set off so as to show his right; or if this could not be done, he perhaps, could apply to the Court for relief.   The case of Lloyd v. Archbowle, (2 Taunt. 324.) only decided that the action could be maintained in the name of the one with whom the contract was made, although there might be others, who were also beneficially interested, but so far as the reasoning of the Court of Common Pleas goes to sustain the proposition, that he only could sue, it is overturned by the case in the King's Bench.

We think it sufficiently appears, that the plaintiffs had a joint interest in the slaves, for the period during which the services were rendered.

The instructions requested by the defendant, were properly refused, and the judgment is affirmed.