(82 South. 437)

**WINTER–LOEB GROCERY CO. v. BOYKIN et al. (3 Div. 403.)**

(Supreme Court of Alabama. June 5, 1919. Rehearing Denied June 30, 1919.)

**1. PARTIES 95(1) — AMENDMENT — ADDITION OF NAMES OF PARTIES.**

In suit for breach of warranty in the sale of seeds, amendment of the complaint by adding a number of names of persons who sued for the use of the single plaintiff first named did not work an entire change of parties and was permissible under Code 1907, §§ 2490, 5367.

**2. ACTION 50(3) — JOINDER — JOINT CAUSE OF ACTION.**

Counts of a complaint *held* to disclose a joint cause of action, on the part of the original plaintiff and his coplaintiffs added by amendment, for a breach of warranty in the sale of seeds.

**3. PARTIES 15—JOINDER OF PLAINTIFFS—ACTION ON CONTRACT.**

In order for two or more parties to join in an action on a contract, there must be community interest, that is, they must be parties to the same and jointly interested, though their interests need not necessarily be equal.

**4. PARTIES 15 — JOINDER — BREACH OF WARRANTY.**

If the buyer of seeds made a contract with the seller for himself and other plaintiffs jointly, such other plaintiffs may join with him in an action for breach of warranty, though the seller was ignorant of any interest they had in the contract, otherwise if the buyer bought for himself only, with the expectation to resell to the other plaintiffs.

**5. SALES 273(4) — SALE OF SEEDS — IMPLIED WARRANTY.**

A sale of seeds, accomplished by an unequivocal offer to sell, which was accepted by the buyer, carried with it an implied warranty that the seeds to be delivered were the kind offered and were not to be mixed with any other kind.

**6. SALES 445(1)—JOINT ACTION—PLAINTIFFS AS PARTIES TO CONTRACT—QUESTION FOR JURY.**

In an action for breach of warranty in the sale of seeds, whether or not all plaintiffs were parties to the contractor's sale to authorize a joint action *held* for the jury under the evidence.

**7. SALES 445(4)—BREACH OF WARRANTY—QUESTION FOR JURY.**

In an action for breach of warranty in the sale of seeds, question of the species of seeds delivered, whether they were the kind bargained for, and whether they were mixed with other sorts of seeds, *held* for the jury under the evidence.

**8. EVIDENCE 13 — JUDICIAL NOTICE — CROPS.**

It is a matter of common knowledge that Johnson grass and broom corn are quite common in Alabama, and that prolific crops of them are often grown without planting every season.

**9. EVIDENCE 129(5) — BREACH OF WARRANTY—SIMILAR TRANSACTIONS.**

In an action for breach of warranty in the sale of cane seed by mixing it with the seed of Johnson grass and broom corn, etc., it would have been proper for the buyers to have shown the nature and character of the crops of others using the same kind of seed procured from a similar source, and for defendant to have done likewise, to support and rebut respectively the

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 200 Ala. 165.

inference arising from the fact that the fields sown with the purchased seed came up with the grass and corn besides the cane.

**10. EVIDENCE** ⬿129(1)—BREACH OF WARRANTY.

In an action for breach of warranty in the sale of cane seed, proof that defendant dealer in such seeds received no complaint from others to whom he had sold similar seeds *held* inadmissible.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by L. H. Boykin and others against the Winter-Loeb Grocery Company for breach of warranty in a sale of seeds. From judgment for plaintiffs, defendant appeals. Reversed and remanded.

As originally filed, the complaint was by L. H. Boykin, and sought recovery for a breach of warranty in a sale of certain seeds warranted to plaintiff to be Texas Ribbon cane seed, whereas they were a mixture of broom corn and cane seed which produced a crop of greatly less value than would have been the crop produced if said seed had been as warranted by the defendant. Later the complainant was permitted to amend the complaint by adding a number of names who sued for the use of L. H. Boykin.

Steiner, Crum & Weil, of Montgomery, for appellant.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellees.

ANDERSON, C. J. The complaint as amended contained three counts, the first two being upon a contract for a breach of warranty in the sale of certain seed, and the third was ex delicto; but, as it was charged out by the trial court, we are only concerned with the first two counts upon this appeal.

[1, 2] The amendment did not work an entire change of parties and was permissible. Code 1907, §§ 2490 and 5367. Nor were counts 1 and 2 as amended subject to defendant's demurrer. They disclosed a joint cause of action on the part of L. H. Boykin, the original plaintiff, and his coplaintiffs, as added by way of amendment.

[3-5] It is unquestionably the law that, in order for two or more parties to join in an action upon a contract, there must be community interest; that is, they must be parties to the same and jointly interested therein, though their interest need not necessarily be equal. It is also settled in this as well as many other jurisdictions that, if Boykin made a contract with the defendant for himself and the other plaintiffs jointly, they may join in an action for the breach of same, notwithstanding the defendant was ignorant of any interest the others had in the contract. McCord v. Love, 3 Ala. 107; 11 Cent. Dig. § 1919; 37 Cent. Dig. § 2347. In order, however, for these plaintiffs to maintain this joint action, the contract that Boykin made must have been made by him for himself and as agent for the other plaintiffs, and not for himself only, with the expectation of advancing or reselling some of the seed to the other plaintiffs. In other words, the other plaintiffs must have been parties to the original purchase—joint vendees with Boykin. If these other plaintiffs were not original vendees of the defendant, but Boykin was the real and sole vendee of the Winter-Loeb Company, and the other plaintiffs were purchasers from or vendees of Boykin, this action cannot be maintained by all of these plaintiffs jointly, and there would be a failure of proof as to a joint cause of action as set out in the complaint. 35 Cyc. 370; Smith v. Williams, 117 Ga. 782, 45 S. E. 394, 97 Am. St. Rep. 220; Amer. Digest Dec. vol. 17, §§ 255 and 427; Jackson v. Bush, 82 Ala. 396, 1 South. 175. While there may have been a conflict in the evidence of Boykin and the defendant's salesman as to whether or not there was a straight out sale of the seed or a mere undertaking on the part of the defendant to procure the same, this conflict was made immaterial by the subsequent correspondence and final consummation of the contract of sale. The defendant wrote Boykin an unequivocal offer of sale, which said offer was accepted by Boykin and which involved a different price from the one fixed by the original negotiation, and the sale thus made, of course, carried with it an implied warranty that the seed to be delivered were the kind offered and were not to be mixed with other kind of seed.

[6-10] The trial court, however, erred in giving the general affirmative charge for the plaintiffs, as it was a question for the jury as to whether or not all the plaintiffs were parties to the contract of sale so as to authorize this joint action. True, Boykin testified that he purchased the seed for himself and these various parties, but it was open for the jury to infer that, while he intended supplying them with seed for planting purposes, they were not parties to the purchase, and that Boykin purchased the same upon his own account, expecting to supply the others himself. While Boykin testified that he bought these seed for himself and the other plaintiffs, he also testified that he used a part of the seed and "sold to these other plaintiffs." Moreover, it was a question for the jury as to the species of seed delivered, as no one examined the seed and proved that they were not the kind bargained for, and the only proof that they were not was based upon the nature and character of the crop grown upon the land

where they were planted and which showed a mixture of other products such as Johnson grass, broom corn, sorghum, etc., and while this was relevant and may have been quite convincing evidence that the seed as delivered were mixed, it was not entirely conclusive that the other growths resulted from the sowing of the seed obtained from the defendant. Indeed, it is a matter of common knowledge that Johnson grass and broom corn are quite common in this country, and prolific crops of same are often grown without the necessity of planting same every season; and, from aught that appears from this record, these lands might have been given to the previous growth and production of the other things found mixed with the Texas Ribbon cane. It would have been proper, no doubt, for the plaintiffs to have shown the nature and character of the crops of others using the same kind of seed and procured from a similar source, and for the defendant to have done likewise. Wilcox v. Henderson, 64 Ala. 535. The trial court, however, did not err in declining to admit proof that the dealer in these seed received no complaint from others to whom he had sold similar seed.

There was no express warranty in this cause, and the trial court could have well given the general charge as to count 1; but as to whether or not the refusal of same was reversible error we need not decide, as the case must be reversed for other reasons. It is sufficient to say, for the purpose of another trial, that the proof shows an implied warranty as set out in count 2, and not an express warranty. Grafton Stamps Drug Co. v. Williams, 105 Miss. 296, 62 South. 273.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.