140 So. 423

### DAVIS et al. v. ANDERSON et al.
#### 3 Div. 983.

Supreme Court of Alabama.
March 10, 1932.

Rehearing Denied March 31, 1932.

See, also, 218 Ala. 557, 119 So. 670.

Ball & Ball, of Montgomery, for appellants.

Thos. B. Hill, Jr., and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellees.

**ANDERSON, C. J.**

This case has been here on former appeal, Davis v. Anderson, 218 Ala. 557, 119 So. 670. There, it was held that the contract canceling the existing notes reducing the debt and taking new notes was legal and binding, and the case seems to have been tried under that theory, and the decree is based solely upon the unpaid notes given under the last agreement.

Several objections are urged against the correctness of the decree of the trial court, but the ones most seriously insisted upon are as to the amount found due upon the notes, that is, interest and attorney's fees, though we will treat the other questions first.

We are in accord with the holding of the trial court that there was no valid agreement that the notes were not to be paid until the title was cleared. The agreement related to the cost of the suits to quiet the title which was already good, and, as a matter of fact, the suit to quiet title so as to give the appellants a clear record title had successfully terminated when this case was tried.

The suggestion that the decree is bad in form because it does not apportion the interest among the respective appellees is of no concern to these appellants. The cross-bill was amended so as to make the co-owners of the notes parties upon the idea that, while the notes were payable to Anderson, the others owned an interest therein. In the case of Winter-Loeb Co. v. Boykin, 203 Ala. 187, 82 So. 437, it was, in effect, settled that, if Anderson made the contract for himself and the other appellees jointly, they may join in an action for the breach of same though their interest need not necessarily be equal.

As to the allowance of the attorney's fees, the parties agreed that the trial court could look to the fee bill of the local Bar Association and which was introduced in evidence and, from aught appearing, may have fully supported the finding of the trial court. Said fee bill does not appear in the record, but it was incumbent upon the appellants and not the appellees to have it incorporated in the record if it did not support the conclusion of the trial court.

In our case of Alger-Sullivan Lumber Co. v. Union Trust Co., 218 Ala. 448, 118 So. 760, this court held that, while there may be conflict in the authorities, the rule in this state is that, notwithstanding the contract rate before maturity, the legal rate obtains after maturity, citing Zimmern v. Standard Motor Car Co., 205 Ala. 580, 88 So. 743, 748. This Zimmern Case cites Campbell Printing-Press & Mfg. Co. v. Jones, 79 Ala. 475, which is inapt. It also cites 1 Sutherland on Damages, 965, and which does deal with the question. It also appears that the Zimmern Case is guarded in the statement, "Since the parties did not stipulate in the contract for the special rate of 6 per cent. 'until paid' * * * the contract as to a conventional rate of interest of 6 per cent. was not binding after maturity; thereafter the legal rate obtained." We therefore think that the true rule is that,

402

where the contract fixes the rate generally or until maturity, that rate obtains only until maturity, and the legal rate obtains after maturity, but, if the contract fixes the rate "until paid," the rate so fixed continues until the debt is paid or collected. Here the note maturing March the 1st, 1928, provides that it shall bear interest at 6 per cent. "until paid." Therefore the interest on this note should have been computed at the rate of 6 per cent. throughout and not at 8 per cent. after maturity, and the case to this extent is reversed and remanded in order that there may be a correct calculation of the interest.

The other note is silent as to the rate of interest, so it should bear interest at the legal rate from maturity, and which should be the Florida rate, and which does not seem to have been proven. As to whether we will apply the Alabama rate, Florida not being a state of common-law origin, we need not decide, as the case must be reversed for other reasons, and we also reverse it as to this item in order that the Florida rate may be proven as provided by section 7688 of the Code of 1923. See, also, section 6149 of the Code.

In all other respects the decree of the circuit court is affirmed.

Affirmed in part, and reversed and remanded in part.

GARDNER, BOULDIN, and FOSTER, JJ., concur.