157 So. 209

**LOLLAR et al. v. JONES.**
6 Div. 583.

Supreme Court of Alabama.
Oct. 18, 1934.

R. G. Redden, of Vernon, and Alex Smith, Jr., of Fayette, for appellants.

Wm. W. Monroe and S. T. Wright, both of Fayette, for appellee.

FOSTER, Justice.

This is an action by appellants against appellee for damages for the breach of a warranty in the sale of soy bean seed for planting.

Counts 5 and 7 allege an express warranty. Counts 6 and 8 allege facts from which it is claimed a warranty was implied by law. We are not concerned with the sufficiency of those counts. The court held them good. To them defendant pleaded 1, 2, and 3. The court sustained demurrer to plea No. 2. No. 3 is the general issue. Demurrer to plea 1 was overruled. In this appellants insist the court erred.

We entertain the view that in this respect there was no reversible error in so far as it is an answer to counts 5 and 7, but that it was error as to counts 6 and 8.

■ The plea alleges that defendant did not warrant the seed. It was therefore a denial of a material allegation of counts 5 and 7, and was embraced in the general issue. But defendant could adopt that form of pleading the general issue, and where that plea is otherwise interposed, the ruling of the court on demurrer to a plea, such as No. 1, is without injury whether it is sustained or overruled as an answer to counts such as Nos. 5 and 7. Sov. Camp, W. O. W., v. Harris, 228 Ala. 417, 153 So. 870 (5).

■ Counts 6 and 8 allege that by the terms of the contract itself the seed purchased were of a certain variety, when they were in fact not of that variety. Plea No. 1 does not deny that such was the contract, nor does it allege facts which are inconsistent with its existence as thus alleged. It is therefore in the nature of a plea of confession and avoidance as to those counts. Fidelity-Phenix Fire Ins. Co. v. Murphy, 226 Ala. 226, 146 So. 387; Bryan v. Day, 225 Ala. 687, 145 So. 150; Sov. Camp, W. O. W., v. Harris, supra.

■ Assuming plaintiffs and defendant made a contract for the sale of a certain variety of seed (otootan bean), if they were not of that variety, the contract was breached, though they may have been so labeled when defendant acquired and sold them, and though plaintiffs may have seen the label and had an opportunity to examine them, as the plea alleges. Winter-Loeb Grocery Co. v. Boykin, 203 Ala. 187, 82 So. 437. The fact that both parties to the contract may have thought the seed to be of the named variety when they were not does not defeat an action for the breach of a contract to sell that variety. If defendant made such a contract, not denied by the plea, there is an implied warranty that the seed are of that variety, which is not satisfied by defendant's good faith and honest belief that he is delivering such seed, nor by the fact that plaintiffs have an opportunity to examine them, nor that they do so if by so doing the difference is not detected. Grafton-Stamps Drug Co. v. Williams, 105 Miss. 296, 62 So. 273.

■ We think the court erred in overruling demurrer to plea 1 as an answer to counts 6 and 8.

■ The evidence was in conflict as to whether there was an express warranty, and that question was one for the jury on counts 5 and 7, and the court so instructed them.

Plaintiffs' evidence tended to show that they contracted for a certain variety of seed, and that defendant sold that to them; but that he delivered seed which were of a different variety and inferior quality. All agree

that one who is not an expert cannot tell the difference by an examination of them, nor until they germinate and their growth is observed. The difference is then apparent.

Defendant testified that while he did not "guarantee them to be otootan seed, I might have told him they were otootan bean seed." That is not a denial of the fact that he sold plaintiffs otootan seed as they claim. No express warranty was necessary under counts 6 and 8. Defendant's evidence did, however, tend to prove plea No. 1. But we have expressed the opinion that it was not good as an answer to those counts.

In charging the jury the court instructed them that if they found the facts to be such as are alleged in plea No. 1, there was no implied warranty, and plaintiffs could not recover in the absence of a finding that there was an express warranty. We have made this recital to show that the error in overruling the demurrer to plea 1 as an answer to counts 6 and 8 resulted in substantial prejudice to plaintiffs.

For the benefit of another trial, we take occasion to express our concurrence in the views of the court below to the extent that plaintiffs cannot recover unless the contract was made by Lollar, one of them, for the joint benefit of them all. But it is immaterial that there is no equality of interest in the amount of the recovery (Davis v. Anderson, 224 Ala. 401, 140 So. 423; Winter-Loeb Grocery Co. v. Boykin, supra), nor that in making the contract Lollar did not disclose to defendant the names of the others jointly interested with him, if he was their authorized agent and acting as such. Winter-Loeb Grocery Co. v. Boykin, supra.

Defendant did testify that Lollar told him he was buying for other people, though such information is not essential to show a right of action in them. The jury was authorized to find from the evidence that Lollar was acting for himself and as agent for the other plaintiffs. If they so found, a joint action by them was proper. Winter-Loeb Grocery Co. v. Boykin, supra.

For the error in overruling plaintiffs' demurrer to plea No. 1 as an answer to counts 6 and 8, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.