This is an appeal from the Circuit Court of Calhoun County. A jury returned a verdict in favor of the plaintiff in the amount of $1,200, a judgment was entered thereon. From this judgment the defendant appeals.
The plaintiff sued the defendant-car dealer for misrepresentation and deceit in the sale of an automobile by the defendant to the plaintiff. There were several counts to the plaintiff's complaint. Each, however, was based upon the premise that the defendant had represented to the plaintiff that the automobile sold to plaintiff had not been "wrecked" when in fact the automobile had prior to its sale to the plaintiff been involved in a "wreck."
The defendant, through distinguished and experienced counsel, contends that the evidence presented to the jury cannot support an award of punitive damages or in the alternative that the evidence is not supportive of any verdict and judgment against the defendant.
We agree with the contention as it relates to punitive damages. For punitive damages to be awarded in this type of case, the fraud committed must be gross, malicious, oppressive, and with an intent to deceive. Otherwise, the damages to be recovered are such as will compensate for actual damages. SeeHall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970).
However, it is clear to this court after a careful reading of the entire transcript of the evidence that there was no award of punitive damages. In fact, the learned trial judge did not charge the jury on punitive damages, but clearly limited the jury to an amount of actual damages. We, therefore, find no error in this regard that requires reversal.
We do not deem it necessary to this opinion to set out the testimony which supports a jury's finding that the plaintiff was entitled to an award of compensatory damages for the alleged misrepresentation. Suffice it to say that the plaintiff's own testimony as a whole supports the jury's conclusion that the car had been wrecked. Additionally, there is the testimony of another witness (an individual in the automobile business) that from an inspection of the automobile he concluded that the automobile had in fact been wrecked. There is evidence presented by the defendant that the vehicle had not been wrecked.
It is clear, therefore, that the evidence regarding the condition of the automobile is in conflict; this conflict was for the jury to resolve. Jackson Co. v. Faulkner, 55 Ala. App. 354, 315 So.2d 591 (1975).
Additionally, we note that the amount of the jury's award is supported by the evidence. The plaintiff testified that the difference in value between the car as represented to her and as she later found out to be the automobile's true condition was $1,495. The jury's award was $1,200. See Hall Motor Co. v.Furman, supra.
The plaintiff-appellee has filed with this court, pursuant to Rule 38, ARAP, a motion for an award of damages and costs for the reason that the appeal is frivolous and was made for the purpose of delay. This motion is denied. *Page 1360 
The judgment is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.