EDWARD N. SCRUGGS, Retired Circuit Judge.
Mrs. Slaton, the claimant, appeals from the denial of her contested claim which she had filed against her father’s estate.
On September 7, 1962, the claimant borrowed $4,500 from her father, J. F. Dalrym-ple. The debt was secured by a real estate mortgage and a note of the same date payable by monthly payments of $60 per month beginning on October 3, 1962, and continuing thereafter until the $4,500 was fully paid. Interest was not mentioned in any manner in either the note or in the mortgage. The claimant made some payments upon the mortgage indebtedness, the last being on August 3, 1963.
Mr. Dalrymple died on February 18,1965, and Mrs. Shell was appointed as administra-trix of his estate on June 6, 1979.
The claimant entered into a profitable agreement to sell the land covered by the mortgage to a third party. She and the administratrix disagreed as to whether interest was payable upon the note and mortgage. The administratrix computed the indebtedness at $3,900 as principal and $3,276 as interest. In order to secure the satisfaction of the mortgage and to prevent the loss of the sale of her property, the claimant paid the total contested amount of $7,176. In due time, she filed her claim against the estate for a return of the interest of $3,276 and of a further disputed sum not involved on this appeal. The administratrix denied the claim by her answer. After a non-jury trial, the circuit judge rendered judgment denying the claim.
*312 The claimant contends first, that no interest was due to be paid and she is entitled to its refund since the note and mortgage did not mention interest; and, second that the court erred in certain evidentiary matters.

Interest

In Davis v. Anderson, 224 Ala. 400, 140 So. 423 (1932), it was stated, “The other note is silent as to the rate of interest, so it should bear interest at the legal rate from maturity.... ”
That rule is echoed by the Uniform Commercial Code, where, in § 7-3-122(4), Code of Alabama (1975), the following appears, “Unless an instrument provides otherwise, interest runs at the rate provided by law for a judgment ... from the date of accrual of the cause of action.” That section has been properly interpreted to mean that “[Wjhen no rate of interest is stated in the instrument and no contrary provision is made, interest runs ... at the judgment rate from the date of accrual of the cause of action.” 2 Anderson, Uniform Commercial Code, 2d ed., § 3-122.6 at 745.
Additionally, § 8-8-8 of the Code of 1975 applies wherein it is provided that all contracts for the payment of money bear interest from the date that it should have been paid.
There is no real dispute over the adminis-tratrix’ computation of interest, the controversy being over whether the claimant was due to pay it at all. We hold that the law required the payment of interest on each unpaid installment from the date it became delinquent. The trial court did not err in that regard.

Evidence

One of the claimant’s brothers was asked on direct examination by her attorney, “Did you ever talk to your father about Mrs. Slaton’s mortgage and the note she owed him?” Similar questions were propounded to that brother’s wife by the claimant’s counsel on direct. The trial court sustained the objections of the administratrix thereto.
The approximate time of any such conversation with Mr. Dalrymple was never stated. For aught that appears, the alleged conversations occurred prior to the execution of the note and mortgage. There was no effort to prove a subsequent agreement between the claimant and Mr. Dalrymple that the debt not bear interest after breach, default or maturity. Since the note, as a matter of law, drew interest after maturity, if the evidence was offered as an attempt to vary or contradict it, such evidence would be inadmissible. Notes are subject to the general rule that a valid written instrument cannot be varied or contradicted by parol evidence. Redmond v. Harrelson, 355 So.2d 356 (Ala.1978). For these reasons, the trial judge was justified in sustaining objections to those questions.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama (1975), and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.