BRADLEY, Judge.
This is a fraud case.
The facts are as follows. Smith was a well digger doing business as Tom Smith Artesian Well Company. Roberts hired Smith to drill a well on his property in 1976. Smith drilled a well which apparently produced plenty of water. The cost of drilling the well was $1,180.00. The bill presented to Roberts from Smith itemized the drilling cost to be $700.00 for the first one hundred feet and $480.00 for the additional eighty feet.
In 1979 Roberts made some modifications to the well by adding an additional foot and a half to the pipe at the top of the well. This additional pipe was needed to allow Roberts to build up the ground near the well so as to construct a building thereon.
During this period Roberts had difficulty with the well and he got a neighbor to help him check it. This neighbor pulled the pipe out of the well, which was at one time connected to a submergible pump in the well casing. The pump had somehow separated from the pipe and was still in the well casing or someplace under the casing. The neighbor measured the pipe and it measured approximately fifty-four feet. The neighbor then dropped a measuring tape in the well with a small wrench tied to the end of it and it measured about the same as the pipe which was pulled from the well. The tape became entangled on something in the well and is still there. Before the tape became entangled in the well, the wrench was pulled up to the surface several times and it had mud on it.
Plaintiff proved that the Macon County Health Department had no record of defendant filing an intent to drill a water well for plaintiff as required by its regulations.
The defendant’s evidence tended to show that well drillers do not place the submergi-ble pump which is attached to the water pipe at the bottom of the well. Ordinarily the pump is placed below the water level to a sufficient depth so as to assure an adequate supply of water. The water level in plaintiff’s well was determined to be about forty-three feet.
There was evidence that defendant had drilled the well to a depth of one hundred eighty feet, and he did so to obtain a good supply of water. He stated that the length of the well casing and the depth the pump is placed in the well have nothing to do with the depth of the well.
Defendant also produced testimony that the space between the pump and the well casing is so narrow as to prevent anything passing between the two. There was also testimony that the pump was probably still in the well casing.
On September 14, 1979 Roberts filed a complaint asserting that the depth of the well had been misrepresented to him by the defendant, Smith. The case was tried before a jury on September 25, 1980. Smith made a motion for directed verdict asserting that there was not a scintilla of evidence to support a finding that the depth of the well was less than one hundred eighty feet; motion overruled. The jury returned a verdict in favor of Roberts and fixed his damages at $7,000.00. Later Smith filed a motion for j. n. o. v. or in the alternative for new trial contending, among other things, that the trial court erred in denying the request for directed verdict, that the verdict was against the great weight of the evidence, and that Roberts had failed to carry his burden of proof. The motion was denied and Smith appealed.
The dispositive issue here is whether Roberts proved that Smith misrepresented the depth of the well that was drilled.
*92 “Misrepresentations of a material fact made willfully to deceive . . . constitute legal fraud.” § 6-5-101, Code 1975. And where there is evidence reasonably affording an inference that the plaintiff was defrauded, the case is one for the trier of fact. Loch Ridge Construction Co. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973). Moreover, it is within the province of the jury to resolve any conflict in the evidence. Ron Shafer Chevrolet v. Hires, Ala.Civ. App., 347 So.2d 1358 (1977). Also, when the jury does resolve the conflict in the evidence and renders a verdict, such verdict on appeal is strengthened by the action of the trial court in overruling defendant’s motion for new trial. Huntsville Dodge, Inc. v. Furnas, Ala.Civ.App., 361 So.2d 585 (1978).
The evidence for plaintiff showed that the length of the water pipe removed from the well measured fifty-four feet; that the pump was not on the pipe when the pipe was removed from the well; that measurements made after the water pipe was removed from the well by dropping a one hundred foot tape measure into the well showed a depth of fifty-four to fifty-six feet; that plaintiff paid defendant for drilling the well to a depth of one hundred eighty feet; that a wrench which was attached to the tape measure came back up with mud on it; that the water in the well contained a lot of mud; that the Macon County Health Department records do not reflect that the defendant requested a permit to drill a well for plaintiff; and that a new pump has been inserted in the same well and is pumping water.
Although the evidence introduced on behalf of the defendant is contrary to that of the plaintiff, we hold that plaintiff’s evidence is sufficient to support the jury’s finding that defendant had knowingly misrepresented the depth of the well drilled for plaintiff. Hence the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.