This appeal questions the propriety of the granting of defendants' summary judgment motion on claims by the plaintiff of fraud, breach of express warranty, and breach of implied warranty in the sale of an automobile.
On January 8, 1980, plaintiff Patrice Ryan purchased a previously-leased Honda automobile from defendant Charles Townsend Ford, Inc. She claimed that the defendant salesman Scott Lynn represented to her that this particular automobile delivered 36 miles per gallon on the highway and 26 miles per gallon in the city. Plaintiff claimed that when she asked if the people who had leased the car had gotten this kind of mileage, defendant Lynn stated that he "had not had any complaints from them, but he did not know."
Plaintiff contended that the following weekend, when she drove the automobile to Ohio, she realized that she was only receiving 22 to 25 miles per gallon of gasoline. On her return, she had the car serviced by defendant dealership, and complained that she was not getting the higher ratio of miles to the gallon, that is, 36 m.p.g. and 26 m.p.g. She took more trips in January, 1980, and on each occasion, she recorded mileage of 22 and 25 m.p.g. She returned the car several times to defendant dealership for adjustment. On a service appointment on or around February 19, 1980, a service employee of Townsend told plaintiff that this car was not designed to get 36 m.p.g. on the highway and 26 m.p.g. in the city. Plaintiff continued to drive the car for a year from this February date, and except for the complaint about the mileage, she had no other complaints. She filed the subject claim for damages on February 13, 1981. In her complaint, she alleged fraud, breach of contract, breach of implied warranty, and amended her complaint later to include breach of express warranty. Plaintiff claimed $7,116.90, the price of the car, in actual damages, and $10,000, in punitive damages on the fraud count. Defendants' motion for summary judgment on all counts was granted May 26, 1981. From this final order, the plaintiff appealed the judgment and claimed the court erred as to all counts except the count which claimed breach of contract. *Page 786 
The sole issue is the propriety of the granting of the summary judgment motion in favor of the defendants.
It is a long-established rule in this state that on motions for summary judgment, the movant has the burden of negating the existence of any issue of material fact; Plant v. Reid, Inc.,365 So.2d 305 (Ala. 1978); Worley v. Worley, 388 So.2d 502
(Ala. 1980), and if there is a scintilla of evidence supporting the non-moving party, summary judgment is inappropriate.Studdard v. South Central Bell Tel. Co., 356 So.2d 139 (Ala. 1978). In determining the existence of genuine issues of material fact, the record must be viewed by this Court in a light most favorable to the non-moving party. Papastefan v. B L Const. Co., Inc. of Mobile, 356 So.2d 158 (Ala. 1978).
An action for fraud is tolled by a one-year statute of limitations, the period commencing to run when there is discovery by the plaintiff of the set of facts which comprise the fraud. Code 1975, § 6-2-3. This is a "saving provision," which extends the time period for a right of action when there has been a fraudulent concealment; however, this Court stated in Johnson v. Shenandoah Life Insurance Co., 291 Ala. 389,281 So.2d 636 (1972), that discovery is made when facts become known "which provoke inquiry in the mind of a man of reasonable prudence, and which, if followed up, would have led to a discovery of the fraud"; therefore, "fraud is deemed to have been discovered when it ought to have been discovered."
Defendants allege that plaintiff discovered the alleged fraud, if indeed there was fraud, on her first trip to Ohio in January, 1980, and that any action upon those facts must be commenced within one year from that date. If this is so, plaintiff's suit would be barred, as she filed suit February 13, 1981. Defendants point to plaintiff's affidavit in opposition to the motion for summary judgment in support of their contention that discovery was had in January, 1980. Plaintiff's affidavit does read, in part, as follows:
 I discovered shortly after January 8, 1980, that the car was not getting the mileage it was supposed to, and I took it back for service and told the service manager at Townsend Ford Inc. that the car was not getting the gas mileage it was supposed to.
Defendant argues further that § 6-2-3 is but a saving statute and plaintiff's failure to contend that there was any fraudulent concealment takes her claim out of the saving provision.
Plaintiff counters that even though she knew she was not getting the gas mileage represented to her in January, 1980, she did not discover she had been defrauded until February 19, 1980. In her affidavit she states:
 I again checked the gas mileage after this occasion and it was still not getting the gas mileage it was supposed to, so I again took the car in for service. I took it in for service several times during the months of January and February 1980.
 On or around the 19th day of February 1980, a mechanic at Townsend Ford, Inc., told me that the Honda automobile made the basis of this suit was not designed to get thirty-six miles per gallon on the highway and twenty-six (26) in the city, and that there was nothing mechanically wrong with the automobile.
 I am not an expert on car design and I did not discover that the Honda automobile was not designed to get the promised gas mileage until around the 19th day of February 1980. Until that time I thought there was something mechanically wrong with the car.
She contends that her filing this action on February 13, 1981, is timely in that the applicable date of discovery is February 19, 1980.
There is a dispute between the parties as to the date of discovery; therefore, there is a genuine issue of fact to be decided by a trier of fact. In Loch Ridge Construction Co.,Inc. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973), this Court stated:
 Where there is evidence reasonably affording an inference as to whether a *Page 787 
plaintiff was defrauded, and if so, when the plaintiff discovered the fraud, the case is one for the trier of fact. Letson v. Mutual Loan Society, 208 Ala. 285, 94 So. 288. In Birmingham Bond Co. v. Lovell, 5 Cir., 81 F.2d 590, it is stated:
 "The province of the jury [is] to resolve the conflict in the evidence and to determine whether, on all the evidence, the statute of limitations created a bar to the suit."
The evidence presented in this case on the matter of fraud is also conflicting, and presents a proper question for the factfinder. Summary judgment here is inappropriate and constitutes reversible error.
The granting of summary judgment on the breach of express warranty claim was also erroneous and is reversed. When evidence is in conflict as to whether an express warranty exists, then the question is one for the factfinder, Lollar v.Jones, 229 Ala. 329, 157 So. 209 (1934). Van Antwerp-AldridgeDrug Co. v. Schwarz, 263 Ala. 207, 82 So.2d 209 (1955).
Plaintiff states in her deposition and affidavit that an oral express warranty was created by defendant Lynn's statements concerning the gas mileage. Defendants state in their answer that all warranties, either express or implied, were effectively excluded by the disclaimer clause which plaintiff read and signed. The evidence was conflicting on whether there was an express warranty. Summary judgment was improper on this claim.
The granting of summary judgment on the breach of implied warranty claim was not erroneous.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
 ON REHEARING