EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a civil action upon a note. The defendant has appealed to this court. We affirm.
Through a July 1977 oral agreement, the parties entered into the trucking business as partners doing business as Brown Mule Freight Line. A Kenworth tractor was purchased in the defendant’s name. The plaintiff advanced to the defendant $5,000 for the defendant’s share. The actual check for that money was drawn upon a joint account of the plaintiff and his mother, who signed it since the plaintiff was at work and such fact was not controverted by the defendant’s evidence.
In order to terminate the partnership, the parties executed the following instrument on August 31, 1977:
“This agreement made between John L. Pope and Joe C. Hare. Whereby John L. Pope agrees to pay Joe C. Hare $500.00 after 60 days from this day and continue until he has paid him a total of $5000.00 dollars for his share of Brown Mule Freight Line. Payment shall be made between the 1st and the 5th of each month, beginning November 1st, 1977. Unless otherwise agreed to by both parties.”
Thereafter, the business was owned and operated by the defendant, the primary asset thereof being the tractor, which the defendant still had.
The defendant subsequently made payments totaling $2,000 upon that note, with each of the checks therefor being payable to the plaintiff’s mother.
The plaintiff sued the defendant for the balance due of $3,000. The defendant’s answer contained a general denial of the plaintiff’s complaint and the following defenses:
“2. The plaintiff has failed to join a party required by Rule 19 of the Alabama Rules of Civil Procedure.
“3. The plaintiff is estopped from any recovery.
“4. Want or failure of consideration.”
During the trial, there was evidence of the above summarized facts. The court asked defendant’s counsel as to how he expected to prove the defense of estoppel and the attorney made the following showing in that respect:
“I expect to show that on a number of occasions these two gentlemen had con *864 versations with respect to the progress of the business; that on a number of occasions the plaintiff was specifically advised that certain things had occurred, specifically those would include several breakdowns with the rig, cancellation of the lease arrangement between Brown Mule Truck Line and the leasing authority so that moneys could not be earned, all of which the plaintiff was aware of and all of which the plaintiff understood, prohibited and prevented the payment to him of any moneys. Specifically the terms and conditions of the promissory note involved said unless otherwise agreed, the document says, ‘Unless otherwise agreed by the parties.’ Although the evidence may be in conflict my proffer would be that the conversations between this gentleman and the defendant during which he acknowledged the fact the vehicle could not make any moneys and no moneys could be made further that he was aware of the fact that the lease was cancelled because Mr. Pope could not operate the vehicle by himself. Mr. Hare, who had gone into this agreement initially could not live up to his bargain to drive the truck and Mr. Pope was required to hire additional drivers to operate the trucks because Mr. Hare could not perform his agreement.”
The end result was that the trial court stated that it did not “know what your theory of estoppel is.”
At the conclusion of all of the evidence, the trial court directed a verdict for the plaintiff for the amount of the note less the amount paid against it and the jury’s verdict was for the plaintiff for $3,000. Hence this appeal.
This is a suit upon a nonnegotiable note which was payable solely to the plaintiff. Neither party contended that the note needed to be reformed whereby the plaintiff’s mother would become a joint payee therein. The plaintiff was the only payee named in the note. His mother was not an indispensable party to this litigation.
If there was no consideration for the note or if the consideration failed, such would have been a good defense since the litigation was between the maker and the payee and, also, since the note was nonnegotiable in nature. However, the note itself recites consideration therefor. It states that the defendant agreed to pay to the plaintiff “a total of $5,000.00 dollars for his share of Brown Mule Freight Line.” (Emphasis supplied). After the note was executed, the defendant then totally owned and operated the freight line. We find no adequate specific argument in brief which is directed to a want of or failure of consideration. Neither can we ascertain any evidence, or proffered evidence, which was directed towards that particular affirmative defense.
By his evidence, the defendant contended that, before the note was signed, he and the plaintiff “discussed” that the note would be payable conditionally or contingently upon the trucking business being profitable. The defendant stated that such was the meaning of the words “Unless otherwise agreed to by both parties.” However, that is an attempt to vary or contradict the prior express language of the written note relative to its time or method of payment. Generally, such terms of a valid written note cannot be varied or contradicted by parol evidence. Slaton v. Shell, 398 So.2d 311 (Ala.Civ.App.1981). The language of the note was such that it would be payable in the manner as therein stated unless both parties reached a further agreement concerning it. Those words in the note have a clear enough meaning in and of themselves and, consequently, evidence to purportedly explain what they meant is not authorized. There was no evidence of any mutual contract regarding payment which both parties entered into after the note was executed.
Neither the introduced evidence nor the “offer to show” indicated that the elements of estoppel here existed. Bank of Huntsville v. Witcher, 336 So.2d 1384 (Ala.Civ.App.1976). There was no evidence of a knowing holding out through the plaintiff’s words or conduct or of any reliance thereon by the defendant to his detriment. We *865 concur with the trial court’s lack of understanding of the defendant’s plea of estoppel as factually offered.
In short, the evidence did not support the defendant’s defenses and the trial court correctly directed a verdict for the plaintiff. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.