WRIGHT, Presiding Judge.
This is a fraud case.
On April 12, 1979, Charles D. Neill (purchaser) purchased a house in the city of Huntsville, Alabama, for $61,000. He lived in it from April 12 until on or about July 4, 1982. He then discovered that the house contained substantially less than the 2300 square feet of living area and 390 square feet of garage he had previously believed. Purchaser brought suit against the listing agent of the realty, Mary Leo, d/b/a Leo Agency (agent), charging fraud in the representation of the home’s square footage. Agent’s motion for summary judgment, based on the statute of limitations, § 6-2-3, Code of Alabama 1975, was denied. Trial was held before a jury. Defendant’s motion for directed verdict was denied. The jury returned a verdict for plaintiff purchaser in the amount of $7,500. Defendant’s post-trial motions were denied. Defendant appealed, asserting that the trial court erred by, (1) denying the aforesaid motions and, (2) by refusing to properly apply the Alabama Fraud Statute, § 6-5-101 of the Code.
Section 6-5-101 provides that:
“Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.”
Fraud may be proved by establishing a false representation by the defendant concerning a material existing fact, reliance upon the false representation by the plaintiff, and damages proximately resulting from the plaintiffs reliance. Fountain-Lowrey Enterprises v. Williams, 424 So.2d 581 (Ala.1982). Whether each of these elements is present is for the trier of fact to determine. Smith v. Roberts, 401 So.2d 90 (Ala.Civ.App.1981).
Defendant asserts that the case should never have reached the jury, but should have been disposed of by either favorable rulings on her motion for summary judgment; her motion for directed verdict; or in the alternative, she asserts the determination of fraud should have been removed from the jury and a directed verdict or judgment notwithstanding the verdict entered in her favor.
It is a long-established rule in Alabama that motions for summary judgment should only be granted where the movant has met his burden of negating the existence of any issue of material fact. Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1982). In viewing the record in a light most favorable to the non-moving party, if there is a scintilla of evidence supporting the non-movant’s position, summary judgment is inappropriate. Ryan, supra. As the Alabama Supreme Court stated in Ryan:
“An action for fraud is tolled by a one-year statute of limitations, the period commencing to run when there is discovery by the plaintiff of the set of facts which comprise the fraud. Code 1975, § 6-2-3. This is a ‘saving provision,’ which extends the time period for a right of action when there has been a fraudu *572 lent concealment; however, this Court stated in Johnson v. Shenandoah Life Insurance Co., 291 Ala. 389, 281 So.2d 636 (1973), that discovery is made when facts become known ‘which provoke inquiry in the mind of a man of reasonable prudence, and which, if followed up, would have led to a discovery of the fraud’; therefore, ‘fraud is deemed to have been discovered when it ought to have been discovered.’ ”
Agent alleges that at the time of purchase purchaser either knew or reasonably should have known of the disparity between the square footage as represented and as it actually existed. Therefore, the statute of limitations was never tolled and purchaser’s suit, not having been filed within one year of purchase, is barred by the statute of limitations. § 6-2-3, Code 1975. In rebuttal, purchaser asserts, by affidavit, that not until a market analysis was done on the house in July 1982 did he discover the disparity.
Purchaser’s affidavit presents at least a scintilla of evidence indicating a material issue of fact. “Where there is evidence reasonably affording an inference as to whether a plaintiff was defrauded, and if so, when plaintiff discovered the fraud, the case is one for the trier of fact.” Ryan, supra. Such an inference being present, we see no error in the trial court’s denial of agent’s motion for summary judgment.
Similarly, we find the denial of agent’s motions for directed verdict and motion for J.N.O.V. was proper. A directed verdict may not be given where the evidence is open to a reasonable inference of material facts unfavorable to the moving party, Earle, McMillan & Niemeyer, Inc. v. Dekle, 418 So.2d 97 (Ala.1982), and a judgment notwithstanding the verdict, which is actually a renewal of a motion for directed verdict, cannot be granted unless the motion for directed verdict should have been granted. Wilson v. Draper, 406 So.2d 429 (Ala.Civ.App.1981). Such a motion should be denied if there is any conflict in the evidence for the jury to resolve; the existence of such conflict being determined by the scintilla rule. Warren v. Ousley, 440 So.2d 1034 (Ala.1983). A review of the record indicates that agent’s husband, who was a part-time employee of agent’s company, measured the house in question, that he miscalculated the square footage thereof, and that this incorrect figure was placed in a multiple real estate listing book that was shown to purchaser. There was testimony that the square footage in the house was material to purchaser and that relying upon the advertised figure as correct, he purchased the home. Due to the error of square footage, the home may have been worth $10,000 less than purchaser paid for it. Considering this evidence, we find more than a scintilla of evidence opposing agent’s motions for directed verdict and J.N.O.V. The determination of whether a fraud occurred should have been and was properly submitted to the jury. We perceive no error.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.