SHORES, Justice.
The plaintiff, Marjorie T. Graham, appeals from a summary judgment entered in favor of the defendant, The Equitable Life Assurance Society of the United States (“Equitable”). Mrs. Graham sued Equitable for damages for breach of contract after the insurance company refused to pay her, as the designated beneficiary, the proceeds of a life insurance policy that had been issued by Equitable to her deceased husband, Louis W. Graham. Equitable defended its decision not to pay on the ground that in the application for the policy the insured had made a false representation concerning his cigarette smoking.
*356 The summary judgment was proper only if there was no genuine issue of material fact and Equitable was entitled to a judgment as a matter of law. Rule 56, A.R. Civ.P. “In determining whether summary judgment was properly granted, the trial court must view the motion in a light most favorable to the non-movant. Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981).” Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985). In the present case Rule 56 must be read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, because this action was filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The evidence reflects that Graham had been a heavy smoker for years and had smoked until two weeks preceding the date of the application, when his doctor had advised him to stop. The policy issued to Graham had a special premium for nonsmokers. Graham died of lung cancer, and his wife made a claim under the policy. Equitable rescinded the policy on the grounds that a false representation had been made in the application.
As to the facts surrounding the application, the record reflects that William E. Boone, an agent for Equitable, filled out the application for life insurance for Graham hurriedly and indicated on the application that Graham had not reviewed the application after Boone had filled it out. A copy of the policy was not sent to the Graham residence until after Graham had died.
We have carefully reviewed the record in this case and conclude that there are genuine issues of material fact; therefore, there could be no summary judgment. Rule 56(c), A.R.Civ.P. There are questions whether the deceased asked for a nonsmoker’s rate, whether the deceased advised Boone that he qualified for the nonsmoker rate; whether Boone asked the deceased if he smoked; whether the deceased was aware that he had obtained a policy at a non-smoker’s rate; and whether Boone innocently or fraudulently misrepresented to Equitable that the deceased had not smoked in the last 12 months.
Is it Graham or Boone that was responsible for the misinformation on the application? If Boone was responsible, then Equitable cannot deny coverage. National Life & Accident Insurance Co. v. Allen, 285 Ala. 551, 554, 234 So.2d 567, 570 (1970). If Graham was responsible for the misrepresentation, then Equitable is entitled to rescind the policy.
As a result of the many questions of material fact, summary judgment was not appropriate. Accordingly, we reverse the judgment and remand this case to the trial court.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ADAMS and KENNEDY, JJ., concur.
HOUSTON and STEAGALL, JJ., dissent.