[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11927
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-00866-MEF-WC


C. H. KINSEY,

                                                          Plaintiff-Appellant,

versus

CENTURYTEL,
is now Centurylink,

                                                          Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 21, 2012)

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

        C.H. Kinsey, proceeding *pro se* and *in forma pauperis*, appeals the district

court's *sua sponte* dismissal of his amended complaint for failure to state a claim

on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Kinsey alleges that CenturyTel committed fraud under Alabama state law, based on his telephone bills documenting phone calls that allegedly CenturyTel cannot prove that Kinsey made.   On appeal, Kinsey argues that the district court erred in finding that Kinsey failed to plead sufficient facts to constitute fraud.   We review the district court's dismissal *de novo.   Mitchell v. Farcass,* 112 F.3d 1483, 1488-90 (11th Cir. 1997) (holding that the standards of review under Fed. R. Civ. P. 12(b)(6) apply for dismissals under § 1915(e)(2)(B)(ii)).

In dismissing the complaint, the district court adopted the recommendation of the magistrate judge who additionally raised concerns that Kinsey's complaint was time-barred under Alabama law.   *See Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.*, 720 F.2d 1230, 1232 (11th Cir. 1983) (stating that federal courts must apply state statute of limitations to claims based on diversity jurisdiction). A claim for fraud, under Alabama law, has a two-year statute of limitations, *see* Ala. Code § 6-2-38(l), which begins accruing upon "the discovery by the aggrieved party of the fact constituting the fraud," Ala. Code § 6-2-3.   Such "discovery is made when facts become known which provoke inquiry in the mind of a man of reasonable prudence, and which, if followed up, would have led to a discovery of the fraud[.]"   *Ryan v. Charles Townsend Ford, Inc.*, 409 So. 2d 784, 786 (Ala.

2

1981) (quotations and citations omitted).

Here, discovery of the fraud occurred when Kinsey received his telephone bills in April, May, and June 2009.   However, Kinsey did not file his initial complaint until more than two years later on October 17, 2011.   Thus, we hold that the district court did not err because the statute of limitations barred Kinsey's complaint, even assuming that it contained sufficient facts to state a claim.

**AFFIRMED.**