(106 So. 180)

**COLE et al. v. LAMBERT.  (I Div. 362.)**

(Supreme Court of Alabama.   Oct. 29, 1925. Rehearing Denied Nov. 19, 1925.)

**1. Action ⚮50(3) — Successive mortgagees having no community of interest must sue separately for injuries.**

Successive mortgagees of the same property are neither joint tenants nor tenants in common, nor is there any community of interest between them, and they must sue separately for injuries to their several interests.

**2. Action ⚮50(3)—Joint action of successive mortgagees without joint demand founded on joint interest must fail.**

A joint action in detinue by successive mortgagees of property, in absence of a joint demand founded upon a joint interest, must fail entirely.

**3. Trial ⚮178—Court not bound by counsel's theory in giving requested general affirmative charge.**

The trial court, in giving a requested general affirmative charge, is not bound by theory on which counsel based their request.

*On Rehearing.*

**4. Judgment ⚮570(10) — Judgment for defendant, based on misjoinder of parties plaintiff, not bar to subsequent individual suits.**

A judgment for defendant, predicated entirely on misjoinder of parties plaintiff, will not, on principle of res judicata, be a bar to maintenance of individual suits within period of statutory limitation.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Action by D. D. Cole and another against Marriott L. Lambert.  From a judgment for defendant, plaintiffs appeal.   Transferred from the Court of Appeals under Code 1923, § 7326.  Affirmed.

This is a suit in detinue for recovery of possession of certain hardwood timber cut from the Marriott L. Lambert place, and was filed by D. D. Cole on December 27, 1922. Possession of a part of the timber was had under the writ of detinue, and, after expiration of the time in which the defendant was permitted to replevy seized property, plaintiff gave the usual bond, and possession was surrendered to him.   Later on the Federal Land Bank of New Orleans was added as a party plaintiff, and on a trial of the cause the court gave the affirmative charge for the defendant (appellee), a verdict and judgment were rendered therein, and from this judgment, and the subsequent order of the court, overruling the motion of plaintiffs for a new trial, this appeal is prosecuted.

The defendant admitted the timber was in his possession, and that it was cut from the Marriott L. Lambert place.   The lands, including the timber in question, had previously been mortgaged to the Federal Land Bank of New Orleans, a second mortgage made to D. D. Cole, and default had in the payment of the indebtedness secured by the second mortgage.

Barnett, Bugg, Lee & Jones, of Monroeville, for appellants.

Plaintiff cannot maintain detinue without joining all parties at interest. 18 C. J. 996; Williams v. Lay, 184 Ala. 54, 63 So. 466; Thomason v. Silvey, 123 Ala. 694, 26 So. 644; Bolton v. Cuthbert, 132 Ala. 403, 31 So. 358, 90 Am. St. Rep. 914; Price v. Talley, 18 Ala. 21.  In this case both plaintiffs were proper parties to the suit. Long v. Nadawah Lbr. Co., 202 Ala. 523, 81 So. 25.  Defect by misjoinder of parties plaintiff must be taken advantage of at first opportunity. Blake v. Harlan, 80 Ala. 37; Lehman-Durr Co. v. Greenhut, 88 Ala. 478, 7 So. 299.  A misjoinder of parties plaintiff is ground for affirmative charge only as to a party improperly joined. 30 Cyc. 144.  Variance between pleading and proof cannot be raised by request for affirmative charge. Stallworth Co. v. Ward, 210 Ala. 595, 98 So. 719; W. O. W. v. Maynor, 209 Ala. 443, 96 So. 352. Where the only ground stated in open court for which an exception is reserved to an instruction is without merit, another ground mentioned on appeal need not be considered. W. O. W. v. Maynor, supra.

Hybart & Hare, of Monroeville, for appellee.

In detinue, all plaintiffs must recover, or none may recover. Rogers v. Whittle, 15 Ala. App. 550, 74 So. 96.  In this case the rights of the plaintiffs were separate and distinct, and they were improperly joined. A. G. S. R. Co. v. Altman Co., 191 Ala. 429, 67 So. 589; Randolph v. Hubbert, 190 Ala. 610, 67 So. 416; Winter-Loeb Co. v. Boykin, 203 Ala. 187, 82 So. 437; 20 R. C. L. 675; 1 R. C. L. 364; Childress v. McCullough, 5 Port. (Ala.) 54, 30 Am. Dec. 549; 30 Cyc. 106.  There was no variance here, but a failure of proof, and rule 34 does not apply.

SOMERVILLE, J.   The trial judge evidently gave the general affirmative charge for the defendant on the theory that the two

---

⚮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

plaintiffs could not recover jointly because their claims were separate and not joint, and that, not being entitled to recover jointly, they could not recover at all.

[1] We see no answer to that view of the case. It has been settled in this state that there is no community of interest between successive mortgagees of the same property. Crowson v. Cody, 209 Ala. 674 (8), 96 So. 875. "They are neither joint tenants, nor tenants in common, of the property, and must sue separately for injuries to their several interests." Newman v. Tymeson, 13 Wis. 172, 80 Am. Dec. 735; Hill v. Gibbs, 5 Hill (N. Y.) 56.

[2] In such a case—a joint action with an absence of a joint demand founded upon a joint interest—the action must fail entirely. Winter-Loeb Grocery Co. v. Boykin, 203 Ala. 187 (3), 82 So. 437; Randolph v. Hubbert, 190 Ala. 610 (1), 67 So. 416.

There is no question here of variance between allegations and proof. As declared in Winter-Loeb v. Boykin, supra, there is simply a failure of proof, of which advantage must be taken by an appropriate instruction to the jury, as was done in this case.

[3] When the general affirmative charge is requested and given, the trial court is not bound by the theory upon which counsel base their request; and, conceding that counsel did not have in mind, and did not clearly state to the court, the principle above stated, the court will not be put in error for that reason alone.

The evidence showed no community of interest which would authorize a joint action and joint recovery by these two plaintiffs, and we are constrained to hold that the instruction in question was properly given.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

### On Rehearing.

SOMERVILLE, J. Our decision in this case does not involve a determination of the relative titles and possessory rights of the two mortgagee plaintiffs in detinue, nor of the property status of the timber sued for. Regardless of those considerations, the absence of any interest in common, and of any joint right of recovery, is a bar to their joint maintenance of this action.

Counsel for appellant make an earnest and forceful appeal to the court to do justice regardless of any so-called technical rule as to the improper joinder of parties plaintiff.

The rule we are enforcing may seem to be but technical when applied to isolated cases, yet it is based upon the principle of practical expediency that it will not do to allow a joint action at law by two or more plaintiffs for the enforcement of distinct and unrelated rights. Such claims must be prosecuted separately, and this requirement cannot be fairly stigmatized as a denial of justice.

[4] So far as the effect of this decision is concerned, the judgment for defendant, predicated entirely on a misjoinder of parties plaintiff, will not be a bar, on the principle of res judicata, to the maintenance of individual suits hereafter within the period of statutory limitation. McCall v. Jones, 72 Ala. 368; 34 Corp. Jur. 793, § 1211.

Application overruled.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.