66 So.2d 775

### CITY OF BIRMINGHAM v. FAIRVIEW HOME OWNERS ASS'N et al.

**6 Div. 312.**

Supreme Court of Alabama.

June 18, 1953.

Rehearing Denied Aug. 11, 1953.

J. Terry Huffstutler, Birmingham, for appellees.

Mayer U. Newfield, Birmingham, for appellant.

## PER CURIAM.

This cause comes to us by appeal of the respondent, City of Birmingham, from a decree overruling its demurrer to a bill seeking a permanent injunction of an alleged nuisance and resulting damage to complainants.

In the caption of the bill the parties are named as Fairview Home Owners Association, "an unincorporated association composed of the following members and other members so numerous as to make it impracticable to bring them all before the court at this time" (it then names twenty-seven individuals). In the body of the bill in paragraph one, it is stated in substance that this action is brought by complainants herein on behalf of themselves and for and on behalf of all other members of the Fairview Home Owners Association, which association's membership is so numerous as to make it impracticable to bring all of them before the court at this time; (that) all the complainants are over the age of twenty-one years and are bona fide resident citizens of Birmingham, Jefferson County, Alabama; (and) that complainants are residents in the community known as Fairview of Birmingham, and have expended large sums of money in acquiring homes and other real estate in said community. The respondents are the City of Birmingham, the Fair Park Authority, a corporation, and Iron Bowl Speedway, a corporation.

The bill alleges that the City of Birmingham appoints the directors of the Fair Park Authority, who in turn appoint a manager to operate the park and facilities; that Iron Bowl Speedway is a commercial enterprise engaged for profit in the racing of automobiles on Sunday afternoon on the race track at the fair grounds, and spectators pay a charge for attendance. The Iron Bowl Speedway pays to the Fair Park Authority a monetary reward for the use of the race track and facilities. That the races operated there on Sunday afternoon have injured and damaged complainants and will continue to have that result.

There is then in detail of facts and occurrences stated showing that the Sunday races are damaging and objectionable and a nuisance. It is not necessary to rehearse them here because no point is made as to their sufficiency on this appeal.

The respondents each separately demurred to the bill as a whole, and there was one decree overruling all the demurrers. From that decree the city only has appealed and assigns errors. The grounds of demurrer assigned by the city are:

1. No equity in the bill.

2. The bill states no cause of action for which relief may be granted.

3. The bill is vague, indefinite and uncertain.

4. There is a misjoinder of causes of action.

5. There is a misjoinder of parties.

The only question we have for consideration is whether the bill is subject to one of the grounds of demurrer noted above.

The argument made by appellant in brief is based on four propositions:

1. That no injury is shown to complainants.

2. Different landowners may not join as complainants for an injunction if the damage alleged is to their separate lands.

3. Complainants may not join for the recovery of damages separately sustained.

4. There is a misjoinder of complainants for that their interests are diverse and a single decree cannot afford relief to them.

5. That an injunction will not lie against the city as landlord for a nuisance by the tenant unless the landlord assented to it.

The argument first made by appellant goes to the parties named as complainants: (1) who are the complainants, and (2) can they unite in such a suit.

We agree that the names of the complainants are not precisely stated. The caption indicates that the complainant is an unincorporated association composed of certain persons, some of whom are named. Section one of the bill indicates that the complainants are the persons named as members of the association, and the bill further indicates that if any right to relief

exists it is in the persons named as members of the association. The bill makes no allegation which shows that the association as such is interested in the suit. It is of course well understood than an unincorporated association may maintain a suit in its name. Section 142, Title 7, Code. But to do so, the bill must show that as an association it has a right to relief, and that it sustained the alleged injuries. The association as such cannot maintain a suit to redress wrongs done to the individuals who are members of it. The wrong must be to the group as a unit not to the individuals.

In so far as the bill is tested by a demurrer on such general grounds, we think it should be treated as that of the individuals named, and that the allegation that they are members of the association is surplusage.

The first two grounds of demurrer go to the equity of the bill generally, not directed to any specific defect in that respect. There is of course a difference between a cause of action or equitable right insufficiently alleged, and the failure to allege a cause of action or equitable right. This demurrer goes to the failure to allege such right, not to the manner in which it is done. The bill does assert an equitable right. Jackson v. Downey, 252 Ala. 649, 42 So.2d 246. It is not therefore subject to ground one or two of the demurrers.

The next three grounds of the demurrer probably refer to the insufficiency of the bill with respect to the complainants suing on their personal account, and also its insufficiency as one for injunctive relief against the city alone, since the city is the only respondent here complaining.

The bill undertakes to set up the existence of a nuisance by reason of automobile races conducted as a commercial enterprise in the fair grounds on Sunday afternoon. The allegations intended to show a nuisance, as defined by section 1081, Title 7, Code, are not challenged. The bill does not predicate the nuisance upon a violation of the state law prohibiting racing on Sunday. At the time the bill was filed March 30, 1951, the law did prohibit automobile racing on Sunday, but not motorcycle racing on Sunday. Act of August 15, 1947, Acts 1947, page 215, amending Code § 421, Title 14. But by the Act of August 17, 1951, Act No. 433, General Acts 1951, page 783, automobile racing on Sunday was made lawful, but the Act provided that a city may pass an ordinance prohibiting such racing on Sunday. See section 420, Title 14, Code. The ordinances of the city, City Code of Birmingham, 1944, sections 866 and 1192, cited by appellee, do not have that present effect. Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571. Although when the bill was filed automobile racing on Sunday was prohibited by state law, that ban was removed by the Act of 1951, supra: so that, the law, state or city, as it now exists in that respect is not now material to support an injunction.

When persons are members of a class who have the right to a common relief, and there is a common question of law or fact affecting their several rights, and the persons constituting the class are so numerous as to make it impracticable to bring them all before the court, such of them as will fairly insure the adequate representation of all may sue on behalf of all. Equity Rule 31, Code 1940, Tit. 7 Appendix; 39 Am.Jur. 436, 437, section 166.

The bill is sufficient against such general attack to show that the complainants are all entitled to the same sort of injunctive relief, controlled by the same question of law and state of facts. There is not therefore a misjoinder of complainants in respect to that relief.

With respect to the claim of compensatory money damages, the bill is insufficient in averment and does not show a right to common relief. Cole v. Lambert, 214 Ala. 57, 106 So. 180; Winter-Loeb Grocery Co. v. Boykin, 203 Ala. 187(3), 82 So. 437; 39 Am.Jur. 436, 437, section 166; Southern Steel Co. v. Hopkins, 174 Ala. 465, 478, 57 So. 11, 40 L.R.A.,N.S., 464; Roanoke Guano Co. v. Saunders, 173 Ala. 347, 358–362, 56 So. 198, 35 L.R.A., N.S., 491. But there is no demurrer to that aspect of the bill. The demurrer as addressed is in effect to the bill as a whole.

This has been repeatedly so held. First National Bank v. Bonner, 243 Ala. 597, 11 So.2d 348. Insufficiency of the bill to show a right to damages recoverable in this suit does not justify a decree sustaining appellant's demurrer to the bill as a whole when in another aspect the right to an injunction is sufficiently shown against the demurrer. Sellers v. Valenzuela, 249 Ala. 620, 32 So.2d 520.

The last proposition asserted in brief by appellant is that an injunction should not lie against the city as landlord for the nuisance committed by authority of its tenant, the Fair Park Authority, except with the assent of the city. This contention is based on the general principle of law to that effect. Joiner v. State, 232 Ala. 522(2), 168 So. 885. But that principle is said to be limited to apply when the nuisance is not of a continuous character. 52 C.J.S., Landlord and Tenant, § 433, page 111, note 92.

The only grounds of demurrer which could be treated as raising that question are one and two, which are in substance that there is no equity in the bill. That means so far as that respondent (the city) is concerned. The other respondents are not here contesting the equity of the bill.

The bill shows ownership of the property by the city; that the Fair Park Authority, a corporation, is the lessee of it; that it is operated by a manager appointed by the directors of the Fair Park Authority; that the city authorities appoint the directors; that the Iron Bowl Speedway, a corporation, conducts the Sunday racing for which it pays the Fair Park Authority. The allegations of the bill are sufficient to support an inference that this nuisance has continued for an appreciable time and was therefore known and assented to by the city. The bill does not in terms allege that the city assented to such use nor how long it has continued. But the demurrer does not raise the question of its sufficiency in respect to those matters.

The bill states a case for an injunction against the city, but defectively because the essentials should be alleged in terms and not left to inference. The demurrer is not addressed to its formal defects and was overruled without error. Kelly v. Carmichael, 217 Ala. 534(5) 117 So. 67.

Appellant should be allowed twenty days in which to answer.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court while serving on it at the request of the Chief Justice, under authority of Title 13, § 32, Code, and is adopted by the Court as its opinion.

The decree of the Jefferson Circuit Court, in equity, is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.