783 So.2d 792 (2000)
BAMA BUDWEISER OF MONTGOMERY, INC.
v.
ANHEUSER-BUSCH, INC., et al.
1981898.
Supreme Court of Alabama.
May 19, 2000.
Opinion Overruling Rehearing September 29, 2000.
*793 W. Stanley Gregory and Thomas F. Monk of Thorington & Gregory, Montgomery, for appellant.
Sterling G. Culpepper, Dorman Walker, and Marc Ayers of Balch & Bingham, L.L.P., Montgomery, for appellee Anheuser-Busch, Inc.
Walter R. Byars and B. Saxon Main of Steiner-Crum, Byars & Main, P.C., Montgomery, for appellee Alabama Wholesale Beer Association.
SEE, Justice.
This appeal involves a dispute between a beer wholesaler and a beer manufacturer. The wholesaler, Bama Budweiser of Montgomery, Inc., argues that the trial court erred by construing Act No. 98-286, Ala. Acts 1998, a local act pertaining to Montgomery County, in harmony with the general laws of this State prohibiting a wholesaler from selling outside the exclusive sales territory assigned by the manufacturer, in this case, Anheuser-Busch, Inc. See Ala.Code 1975, § 28-8-8(a)(2); § 28-9-5(2). Bama Budweiser also argues that the trial court erred in allowing the Alabama Wholesale Beer Association (the "Wholesale Association"), of which Bama Budweiser is a member, to intervene in this litigation and assert a position adverse to Bama Budweiser's. Because we hold that the trial court properly construed Act No. 98-286, and that, although the trial court erred in allowing the Wholesale Association to intervene, that error was harmless, we affirm the judgment of the trial court.

I.
In 1984, the Legislature enacted Act No. 84-374, codified at Ala.Code 1975, §§ 28-8-1 through 28-8-8, under the heading "Exclusive Sales Territories and Wholesalers" (hereinafter referred to as the "Territorial Act"). The Territorial Act requires each manufacturer and importer of alcoholic beverages who sells its products through wholesalers to "designate exclusive sales territories for each of its brands sold in Alabama" and to "name one licensed wholesaler for each sales territory who, within such territory, shall be the exclusive wholesaler for said brand or brands." Ala.Code 1975, § 28-8-2. The Territorial Act prohibits a wholesaler from selling to retailers outside its exclusive sales territory, see Ala.Code 1975, § 28-8-8(a)(2), and also prohibits a retailer from buying from any wholesaler other than the wholesaler in whose exclusive sales territory the retailer is located, see § 28-8-8(a)(3). The Territorial Act also requires each wholesaler to "service retail licensees within [the wholesaler's exclusive sales territory] without discrimination." Ala.Code 1975, § 28-8-5.
*794 In 1988, the Legislature enacted Act No. 88-80, Ala. Acts 1988, codified at Ala.Code 1975, §§ 28-9-1 through 28-9-11, under the heading "Business Relations Between Wholesalers and Suppliers of Beer" (hereinafter referred to as the "Franchise Act"). The Franchise Act contemplates that a manufacturer or importer of beer who sells its products through a wholesaler must, with regard to each of its brands, designate exclusive sales territories within each of which only a single wholesaler may sell that brand to licensed retailers. See Ala. Code 1975, § 28-9-4. Like the Territorial Act, see § 28-8-8(a)(2), the Franchise Act prohibits a wholesaler from "sell[ing] or deliver[ing] beer to a retail licensee located outside the sales territory designated to the wholesaler by the supplier of a particular brand or brands of beer." Ala.Code 1975, § 28-9-5(2).
In 1997, a retailer not involved in the present case asked the Alabama Alcoholic Beverage Control Board for its opinion concerning whether some wholesalers had improperly discriminated among retailers in their exclusive sales territories, in violation of § 28-8-5. These wholesalers provided services to chain stores on Saturdays that they refused to provide to independent retailers on Saturdays. The ABC Board concluded that the wholesalers had not engaged in discrimination in violation of § 28-8-5. See ABC Opinion re: Guthrie Enterprises v. Turner Beverage Co.
In April 1998, the Legislature enacted Act No. 98-286, a local act applicable to Montgomery County. It provides: "No... wholesaler ... shall refuse to sell to a... retail[er] ... or to provide a service to a ... retail[er] ..., if the same service is provided to other ... retail[ers]...." 1998 Ala. Acts, Act No. 98-286, § 2. The effective date of that Act was July 1, 1998.
Although manufacturers and importers of beer and other alcoholic beverages are free to designate exclusive sales territories in any configuration they wish, see § 28-8-2 and § 28-9-3, in practice the exclusive sales territories designated by every major beer manufacturer follow county lines, with one exception. That exception is that in June 1989 Anheuser-Bush, Inc., divided Montgomery County into two exclusive sales territories, assigning the northern part of the county, including the City of Montgomery, to Bama Budweiser, and the southern part of the county to Horn Beverage Company.[1]
On June 30, 1998, Anheuser-Busch filed this action against Bama Budweiser and Horn Beverage Company, seeking a judgment declaring that Act No. 98-286 was unconstitutional. Horn Beverage answered, admitting the allegations of the complaint and joining in Anheuser-Busch's prayer for relief. Bama Budweiser, on the other hand, counterclaimed, seeking a declaration that Act No. 98-286 is constitutional and that Bama Budweiser's future sales to Montgomery County retailers outside the exclusive sales territory assigned to it by Anheuser-Busch would not violate its agreement with Anheuser-Busch. The Wholesale Association moved to intervene as a plaintiff, filing a complaint in intervention seeking a declaratory judgment construing Act No. 98-286 in harmony with the Territorial Act and the Franchise Act or, in the alternative, a judgment declaring Act No. 98-286 unconstitutional. Bama Budweiser objected to the Wholesale Association's intervention, but the trial court granted the motion. Wyatt Supermarket, Inc., moved for leave to file a brief as an amicus curiae and filed one in support of Bama Budweiser.
*795 In December 1998, the circuit court heard oral arguments on the three claims for declaratory relief. In June 1999, the court issued an opinion and a final judgment, adopting in that judgment the construction of Act No. 98-286 proposed by the Wholesale Association and declining to rule on the constitutional issues. The circuit court's judgment provided in pertinent part:
"Act 286 does not affect, amend, alter or repeal the exclusive sales territory and prohibited acts provisions contained in the Territorial and Franchise Acts. Specifically, Act 286 does not require or permit wholesalers to sell to retailers outside the wholesaler's designated sales territory, nor permit a retailer to purchase from a wholesaler who has not been designated the territory within which the retailer's place of business is located. These provisions of the Territorial and Franchise Acts remain in full force and effect, unaffected by Act 286, and are binding on all parties to this litigation."

II.
Bama Budweiser appealed. It argues that the circuit court erred in allowing the Wholesale Association to intervene in this litigation because, it argues, the Wholesale Association did not have standing. We agree. It is undisputed that the Wholesale Association does not itself have a protectable interest at stake in this litigation. The Wholesale Association argues, however, that it has standing to assert the interests of its members.
As an initial matter, we note that this Court has previously held that an association has no standing to intervene in an action when it has no grievance apart from the grievances of its members. See City of Birmingham v. Fairview Home Owners Ass'n, 259 Ala. 500, 66 So.2d 775 (1953). Although this Court has never explicitly overruled that holding, it implicitly did so in Alabama State Florists Ass'n, Inc. v. Lee County Hosp. Bd., 479 So.2d 720, 722 (Ala.1985), where it held that an association of florists, whose members were taxpayers, had standing to challenge expenditures of public funds by a public authority. See Blue Cross & Blue Shield of Alabama v. Protective Life Ins. Co., 527 So.2d 125 (Ala.Civ.App.1987) (recognizing that Alabama State Florists Ass'n implicitly overruled City of Birmingham and holding that, under the rule of Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), an association may have standing as the representative of its members). To eliminate potential confusion, we take this opportunity to explicitly overrule City of Birmingham v. Fairview Home Owners Ass'n and expressly adopt the federal test for association standing. See Warth 422 U.S. at 515, 95 S.Ct. 2197 (holding that an association can have standing to sue on behalf of its members only when it seeks relief that "can reasonably be supposed ... will inure to the benefit of those members of the association actually injured"). Accordingly, an association can seek relief on behalf of its members when:
"(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."
Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).
In this case, however, only two of the Wholesale Association's members would have had standing to sue in their own right: Bama Budweiser and Horn Beverage, the only wholesalers doing business *796 in Montgomery County. Moreover, the Wholesale Association took a position directly contrary to Bama Budweiser's. Thus, it cannot be fairly said that the relief the Wholesale Association sought would inure to the benefit of its injured members; therefore, the Wholesale Association did not have standing to intervene as a plaintiff in this matter. See Southwest Suburban Bd. of Realtors, Inc. v. Beverly Area Planning Ass'n, 830 F.2d 1374, 1381 (7th Cir.1987) (holding that an association did not have association standing to sue some of its members on behalf of other members).
Although the circuit court erred in allowing the Wholesale Association to intervene, that error is a ground for reversal only if it "has probably injuriously affected substantial rights" of Bama Budweiser. Rule 45, Ala. R.App. P. Bama Budweiser argues that it was prejudiced by the Wholesale Association's intervention because, it argues, the Wholesale Association injected issues into this litigation that had not been raised by a proper party. We disagree.
Bama Budweiser, relying on Rowen v. Le Mars Mutual Insurance Co. of Iowa, 282 N.W.2d 639, 645-46 (Iowa 1979), and Morrow v. Drumwright, 202 Tenn. 307, 315, 304 S.W.2d 313, 316-17 (1957), argues that a party is prejudiced when it has to meet new issues raised by an improper party. Specifically, Bama Budweiser argues that it was prejudiced by the Wholesale Association's participation because the Wholesale Association advocated a construction of Act No. 98-286 different from the construction any of the proper parties had advocated. This argument, however, is without merit. Anheuser-Busch and Bama Budweiser each made a request for a declaratory judgment, a request that required the circuit court to construe Act No. 98-286. A court, in construing a statute, is not limited to choosing among the statutory interpretations advocated by the parties. Instead, the court has a duty to construe the statute correctly, even if the correct construction is not one of the constructions advocated by the parties to the action. The Wholesale Association did not inject a new issue into this case merely by advocating a particular construction of the Act. Because Bama Budweiser was not prejudiced by the intervention of the Wholesale Association, the trial court's error in allowing the Wholesale Association to intervene was harmless. See Rule 45, Ala. R.App. P.

III.
Bama Budweiser argues that Act No. 98-286 impliedly repeals, as to Montgomery County, those portions of the Territorial Act and the Franchise Act that prohibit a beer wholesaler from selling to retailers located outside the wholesaler's exclusive territory, and those portions of these Acts that prohibit beer retailers from buying from a wholesaler whose exclusive territory does not include the retailer's location. Thus, Bama Budweiser concludes, Act No. 98-286 permitsindeed, requiresBama Budweiser to sell its Anheuser-Busch products and to provide related services without discrimination to all licensed retailers in Montgomery County who want to do business with Bama Budweiser.
"The implied repeal of a statute by another statute is not favored by the courts and will be found only when the two statutes are so repugnant to, or in such conflict with, one another that it is obvious that the Legislature intended to repeal the first statute." Anniston Urologic Assocs., P.C. v. Kline, 689 So.2d 54, 59 (Ala.1997). Furthermore, "[t]he rule of construction is to harmonize seeming conflicts." Reid v. City of Birmingham, 274 Ala. 629, 636, 150 So.2d 735, 741 (1963). The circuit court, *797 applying these rules of construction, concluded:
"Act 286 does not affect, amend, alter or repeal the exclusive sales territory and prohibited acts provisions contained in the Territorial and Franchise Acts. Specifically, Act 286 does not require or permit wholesalers to sell to retailers outside the wholesaler's designated sales territory, [or] permit a retailer to purchase from a wholesaler who has not been designated the territory within which the retailer's place of business is located."
The circuit court correctly construed Act No. 98-286 in harmony with the Territorial Act and the Franchise Act. The provisions of Act No. 98-286 are not "so repugnant to, or in such conflict with, [the Territorial Act and the Franchise Act] that it is obvious that the Legislature intended to repeal [the Territorial Act and the Franchise Act with respect to Montgomery County]." See Anniston Urologic Assocs., 689 So.2d at 59.
Bama Budweiser argues that the circuit court's construction does not comport with the plain language of the Act and leaves the Act no room to operate. See Ex parte Jackson, 625 So.2d 425, 428 (Ala.1992) ("[E]very clause in an act must be accorded a field of operation if possible."). We disagree. The nondiscrimination provision of Act No. 98-286 is more specific than the Territorial Act's nondiscrimination provision, found in § 28-8-5. While § 28-8-5 requires that wholesalers sell to retailers in their exclusive sales territories "without discrimination," it does not state that a wholesaler must provide exactly the same services to all retailers. See ABC Opinion re: Guthrie Enterprises v. Turner Beverage Co. On the other hand, Act No. 98-286 prohibits a wholesaler from refusing to "provide a service to a ... [retailer] ... if the same service is provided to other [retailers]." Therefore, Bama Budweiser's argument that the trial court's construction of Act No. 98-286 left that Act no room to operate in is without merit.[2]

IV.
The circuit court correctly held that Act No. 98-286 did not implicitly repeal any part of the Territorial Act or the Franchise Act. Although it erred in allowing the Wholesale Association to intervene in the action, that error did not prejudice Bama Budweiser and was, therefore, harmless. Accordingly, we affirm the circuit court's judgment.
AFFIRMED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.

On Application for Rehearing
SEE, Justice.
On application for rehearing, Bama Budweiser argues that our construction of Act No. 98-286 must take into consideration Senate Joint Resolution 1 ("S.J.R.1") adopted by the Senate at the 1999 Extraordinary Session of the Legislature. We note that an identical resolution, House Joint Resolution 17, was adopted by the House of Representatives at the same session. Apparently, neither house voted on the other's resolution, see Ala. Const. of 1901, art. IV, § 66, and neither S.J.R. 1 nor H.J.R. 17 was signed by the Governor, see Ala. Const. of 1901, art. V, § 125. S.J.R. 1 states that the intent of Act No. *798 98-286 "was to require, permit, and allow licensed beer wholesalers to sell to licensed beer retailers, and [that the Act] would permit or allow licensed beer retailers to purchase from licensed wholesalers in Montgomery County, the products of any manufacturer or importer outside the exclusive sales territory of that wholesaler designated by that manufacturer or importer."
The Senate adopted S.J.R. 1 on November 15, 1999well after the trial court had entered its judgment and, indeed, after Bama Budweiser had filed its initial brief to this Court. Thus, because S.J.R. 1 was not presented to the trial court and was presented for the first time on appeal, this Court cannot consider that ground. See Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988) ("[T]his Court will not reverse the trial court's judgment on a ground raised for the first time on appeal....").
Moreover, and more important, S.J.R. 1 is not law. This Court stated in Laidlaw Transit, Inc. v. Alabama Education Association, 769 So.2d 872, 883 (Ala.2000), referring to another joint resolution:
"A resolution such as this one is not a law; it is merely the form in which the Legislature expresses an opinion. The Legislature has no power to make or change law by resolution. Art. IV, § 61, Ala.Constitution (`No law shall be passed except by bill....'); Gunter v. Beasley, 414 So.2d 41 (Ala.1982). Whatever the Legislature may have intended by [the joint resolution] is irrelevant to our resolution of the issues presented on this appeal. The controlling law here is that expressed in the applicable ... acts. See Opinion of the Justices No. 275, 396 So.2d 81 (Ala.1981); Opinion of the Justices No. 265, 381 So.2d 183 (Ala.1980) (a statute cannot be amended by a joint resolution of the Legislature)."
Therefore, S.J.R. 1 does not control our construction of Act No. 98-286.
APPLICATION OVERRULED.
MADDOX, HOUSTON, COOK, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
HOOPER, C.J., dissents.
HOOPER, Chief Justice (dissenting).
"In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, ... the judicial [department] shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men." § 43, Ala. Const., 1901. (Emphasis added.) In DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270 (Ala. 1998), this Court restated the appropriate method for interpreting statutes:
"`"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."'
It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent *799 with the doctrine of separation of powers."
729 So.2d at 275-76, quoting Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998). (Citations omitted.) See also IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992).
The majority has attempted to harmonize the territorial legislation of § 28-8-1 et seq., Ala.Code 1901, and Act No. 98-286, which states; at § 2:
"No holder of a wholesaler license issued by the Alcoholic Beverage Control Board shall refuse to sell to a holder of a retail license issued by the Alcoholic Beverage Control Board or to provide a service to a holder of a retail license, if the same service is provided to other holders of a retail license."
The requirement that wholesalers have exclusive territories in the State of Alabama need not be interpreted as conflicting with Act No. 98-286 and therefore in need of harmonization. The unambiguous meaning of Act No. 98-286 is that it carves out an exception in Montgomery County to the more general territorial legislation. It specifically grants Montgomery retail licensees the right to purchase beer from any wholesale beer distributor licensed in Montgomery County. It creates more choices for the retailers in Montgomery County. It is unambiguous.
The majority has effectively added to Act No. 98-286 the words "within the wholesaler's assigned territory." Doing that means interpreting Act No. 98-286 in such a way that it no longer carves out an exception to the territorial legislation for Montgomery County. The interpretation the majority has placed upon the Act does not harmonize it; it nullifies it. Because Act No. 98-286 is unambiguous and need not be interpreted as conflicting with the more general law in § 28-8-1 et seq., this Court's alteration of that Act is a bit of judicial construction and legislationit is an exercise of the legislative power and is uncalled for. When this Court issued its opinion in this case on May 19, 2000, I mistakenly concurred. I realize now I should not have concurred.
The appellant, Bama Budweiser of Montgomery, Inc., in its application for rehearing, requests this Court to consider Senate Joint Resolution 1 ("S.J.R.1") in determining the legislative intent behind Act No. 98-286. S.J.R. 1 was adopted November 15, 1999, by the Senate, at the 1999 Extraordinary Session of the Legislature. That document should put to rest any question as to the purpose of Act No. 98-286. The very title of the resolution defines its purpose: "EXPRESSING LEGISLATIVE INTENT REGARDING ACT 98-286, WHICH REGULATES SALES AND SERVICES PROVIDED BY ALCOHOLIC BEVERAGE WHOLESALERS IN MONTGOMERY COUNTY." However, this resolution is not needed to determine the intent of the Legislature, because the intent is clear from the language of the statute. If the language in a statute is "plain, ordinary, and commonly understood," this Court must interpret it as it is written.
On the old Mobile County Courthouse are these words: "The laws of our land build on reason and experience, and the chief of all laws is the will of the people." The Legislature, not the judiciary, expresses the will of the people. I find this Court's opinion to be an exercise of power beyond its legitimate prerogative in our form of government.
Therefore, I respectfully dissent from the order denying the application for rehearing.
NOTES
[1] See Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d 238, 241-43 (Ala.1992), for an explanation of the events leading up to Anheuser-Busch's division of Montgomery County into two sales territories.
[2] Our conclusion makes it unnecessary to address Bama Budweiser's argument that, under its proposed construction of Act No. 98-286 it would be entitled to a judgment declaring that its selling to Montgomery County retailers outside its exclusive sales territory would not breach its agreement with Anheuser-Busch.