DONALDSON, Judge.
This case involves whether an entity is entitled to a hearing before an administrative agency pursuant to the agency’s promulgated rules. This case does not involve the “standing” of the entity to invoke the judicial adjudicatory process. Specifically, these appeals stem from the reissuance of a permit by the Air Pollution Control Program (“the Air Program”) of the Jefferson County Department of Health, which is governed by the Jefferson County Board of Health (“JCBH”), in 2014 to ABC Coke, a subsidiary of Drummond Company, Inc., pursuant to Title V of the Clean Air Act, 42 U.S.C. §§ 7401-7671q.[1]
Facts and Procedural History
ABC Coke operates a production plant (“the plant”) located in Tarrant. The plant was built in 1919, and it initially manufactured munitions and other products to support the United States’ efforts in World War I and World War II. Currently, the plant employs 385 people and
“the plant produces coke by heating coal in an oxygen-depleted environment, and the coke is then shipped to customers. The [coke] by-products are recovered through cooling settling and reaction processes to produce coke oven gas, tar, light oil and ammonium sulfate. The coke oven gas is consumed on site for energy recovery and the other by-products are sold.”
GASP is a not-for-profit corporation located in Alabama. In its pleading in the circuit court, GASP identified its corporate mission as follows:
“The purpose of GASP is to further the conservation, preservation, protection, maintenance, improvement, and enhancement of human health and the environment on behalf of its members and in the public interest. GASP’s current mission is to reduce air pollution, educate the public about the health risks of poor air quality, and encourage community leaders to serve as role models for clean air and clean energy.”
JCBH is a local health authority established pursuant to § 22-4-1, Ala. Code 1975. This court has held that JCBH is a state agency. Smith v. Smith, 778 So.2d 189, 191 (Ala. Civ. App. 1999). Pursuant to § 22-28-23, Ala. Code 1975, JCBH established the Air Program, a local air-pollution-control program. JCBH has promulgated rules of administrative procedure applicable to hearings and appeals of administrative actions pertaining to the Air Program.
*1002 Pursuant to Title V of the Clean Air Act,' 42 U.S.C. §§ 7401-7671q, ABC Coke is required .to obtain a permit to operate the plant every five years because of,the air-, pollutant emissions released by the plant during the production of coke and coke byproducts. JCBH, through the Air Program, functions as a “permitting authority” for Jefferson County under the Clean Air Act. Seé 42 U.S.C. § 7661(4).[2]
ABC Coke and its predecessors have had a Title V permit from JCBH to operate the plant for decades. ABC Coke last received a permit from the Air Program on November 17, 2008. That permit ivas scheduled to expire on November 17, 2013. On May 16, 2013, ABC Coke submitted an application to the Air Program seeking renewal of its Title V permit. According to, JCBH, ABC Coke was allowed to continue to operate under the expired permit because it had submitted a timely application for renewal before that permit expired.
On February 9, 2014, the Air Program issued a 'draft' renewal Title V permit to ABC Coke. On the'same day, the‘Air Program issued a public notice of the draft renewal permit and also set an initial period to receive public comments on the draft renewal permit, which .was to end on March 11,- 2014. The Air Program subsequently held á public-information session on March 31, 2014, at which citizens were provided information about the draft renewal permit and were given an. opportunity to ask questions and to offer comments for the public record. On April 9, 2014, the Air Program held a public hearing and responded in writing to. comments and questions that had been presented at the public-information session. Additional information sessions were held on April 12 and April 16, 2014. Forty-nine individuals or entities submitted written comments on the draft renewal permit, and 25 individuals spoke at the public hearing. On April 18, 2014, GASP submitted written comments on the draft renewal permit. The Air Program considered and responded to GASP’s comments before issuing a final renewal permit, Major Source Operating Permit No. 4-07-0001-03, to ABC Coke on August 11, 2014. An order entered by a hearing officer during the administrative-review process, which is discussed in more detail below, noted that
“[t]he proposed permit and all related public comments were sent to the U.S. Environmental Protection Agency (‘EPA’) for review. Pursuant to section 505(b) of the Clean Air Act, EPA has a right to object to the [Air] Program’s issuance of the permit if the permit contains provisions that are not in compliance with the requirements of the Clean Air Act. 42 U.S.C. § 7661d(b). EPA did not object to issuance of the permit.”
On August 26, 2016, GASP filed a petition requesting a hearing before JCBH to contest the renewal of the Title V permit to ABC Coke. A healing officer was appointed by' JCBH to serve in the matter. ABC Coke filed a motion to intervene in the administrative proceedings, which the hearing officer granted. On November 4, 2014, the Air Program filed a motion to dismiss GASP’s request for a hearing, citing alleged procedural defects in GASP’s petition seeking the hearing. On the same *1003 day, ABC Coke filed a motion to dismiss, arguing that GASP lacked standing to bring the petition because, it said, GASP had failed to establish that it is a “person aggrieved” by the administrative action, as required under JCBH’s rules of administrative procedure.
On March 19, 2015, the hearing officer entered an order containing findings of' fact and conclusions of law. The hearing officer held that GASP had failed to demonstrate that it is a “person aggrieved” by the administrative action of the Air Program and that GASP had not complied with Rule 12.4.4(d) of JCBH’s rules of administrative procedure, which requires a request for a hearing to include “a short statement of the terms and conditions which a requester proposes that the Board should include in an order modifying or disapproving the [Air] Program’s administrative action.” Therefore, the hearing officer concluded, GASP was not entitled to a hearing. The hearing officer’s findings and conclusions were submitted to JCBH. JCBH entered an order on April 8, 2015, approving the hearing officer’s findings and conclusions of law.
■ On May 8, 2015, GASP filed a petition for judicial review in the Jefferson Circuit Court pursuant to § 41-22-20, Ala. Code 1975. GASP, JCBH, and ABC Coke filed motions for . a summary judgment in the circuit court. On January 14, 2016, the circuit court entered an order granting GASP’s motion for a summary judgment. The circuit court concluded that GASP qualifies as a “person aggrieved” under JCBH’s rules of administrative procedure and that GASP’s petition requesting a hearing before JCBH fulfilled the requirements of notice pleading under the Alabama Rules of Civil Procedure. JCBH and ABC Coke filed separate notices of appeal to this court on February 24, 2016. We have jurisdiction of these appeals pursuant to § 12-3-10 and § 41-22-21, Ala. Code 1975.
Standard of Review
The appropriate standard of review applicable to an appeal from a trial court’s judgment regarding a decision of an administrative agency is as follows:
“This court reviews a trial court’s judgment regarding the decision of an administrative agency ‘without any presumption of its correctness, since [the trial] court was in no better position to review the [agency’s decision] than’ this court. State Health Planning & Res. Dev. Admin. v. Rivendell of Alabama, Inc., 469 So.2d 613, 614 (Ala. Civ. App. 1985). Under, the Alabama Administrative Procedure Act (‘AAPA’), § 41-22-1 et seq., Ala. Code 1975, which governs judicial review of agency decisions,
“ ‘[e]xcept where judicial review is by-trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. The court may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further proceedings. The court may reverse or modify the decision, or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that ageney or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:
“ ‘(1) In violation of constitutional or statutory provisions;
“.‘(2) In excess of the statutory authority of the agency;
*1004 “‘(3) In violation of any pertinent agency rule;
“‘(4) Made upon unlawful procedure;
“ ‘(5) Affected by other error of law;
“‘(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
“ ‘(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.’
“§ 41-22-20(k), Ala. Code 1975 .... In reviewing the decision of a state administrative agency, ‘[t]he special competence of the agency lends great weight to its decision, and that decision must be affirmed, unless it is arbitrary and capricious or not made in compliance with applicable law.’ Alabama Renal Stone Inst., Inc. v. Alabama Statewide Health-Coordinating Council, 628 So.2d 821, 823 (Ala. Civ. App. 1993).... Neither this court nor the trial court may substitute its judgment for that of the administrative agency. Alabama Renal Stone Inst., Inc. v. Alabama Statewide Health Coordinating Council, 628 So.2d 821, 823 (Ala. Civ. App. 1993). ‘This holds true even in cases where the testimony is generalized, the evidence is meager, and reasonable minds might differ as to the correct result.’ Health Care Auth. of Huntsville v. State Health Planning Agency, 549 So.2d 973, 975 (Ala. Civ. App. 1989).”
Colonial Mgmt. Grp., L.P. v. State Health Planning & Dev. Agency, 853 So.2d 972, 974-75 (Ala. Civ. App. 2002)(emphasis omitted).
Discussion
I. Whether GASP was Entitled to a Hearing
Throughout the proceedings, the parties have couched GASP’s ability to obtain a hearing before JCBH in terms of its status as an association acting on behalf of its members. We note that GASP describes itself as a corporation and not an association. Although “an association may have standing solely as the representative of its members,” Blue Cross & Blue Shield of Alabama v. Protective Life Ins. Co., 527 So.2d 125, 130 (Ala. Civ. App. 1987), corporations, on the other hand, “have the right to sue, and shall be subject to be sued, in all courts in like cases as natural persons,” Ala. Const. 1901, Art. XII, § 240, but do not have standing “to enforce the separate property rights of [their] individual members.” Frazer v. Alabama State Policemen’s Ass’n, Inc., 346 So.2d 959, 961 (Ala. 1977). GASP has not asserted that it was injured through the issuance of the permit—for example, that it owned property that was impacted by the issuance of the permit. GASP claimed in its petition for a hearing only that some of its members were injured by the issuance of the permit. The parties have not made any distinction between the ability of an unincorporated association to assert the rights of its members and the ability of a corporation to do so; accordingly, we will discuss the issues as framed by the parties, without determining whether such a distinction applies.
ABC Coke and JCBH contend that GASP cannot contest the issuance of the Title V permit because it is not a “person aggrieved” under principles of standing applicable in the judicial system and under JCBH’s rules of administrative procedure. The case before us involves only the petition of GASP to have an administrative hearing before JCBH; it does not involve the issue whether GASP would have “standing” to file suit in the judicial system. There is a distinction between the two issues. See, e.g., Ecee, Inc. v. Federal Energy Regulatory Comm’n, 645 F.2d 339, 349-50 (5th Cir. 1981) (“Administrative adjudications ... are not [proceedings under Article III of the United States Constitu *1005 tion] to which either the ‘ease or controversy’ or prudential standing requirements apply;' within their legislative mandates, agencies are free to hear actions brought by parties who might be without standing if the same issues happened to be before a federal court.”); see also 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3531.13, at 273 (3d. ed. 2008) (“Administrative agencies are not established under Article III and should not be bound by judicial rules of standing in determining what parties to admit to adjudicatory or rulemaking proceedings, any more than they are bound by other judicial rules of procedure.”).
ABC Coke and JCBH assert that the circuit court failed to apply the test to determine standing of an association as set forth by the United States Supreme Court in Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), which test was made applicable to actions commenced in Alabama courts by Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 783 So.2d 792, 795 (Ala. 2000). Under that authority, an organization must meet the following three requirements in order to have associational standing to pursue an action in the judicial system: “(a) its members [must] otherwise have standing to sue in their own right; (b) the interests it seeks to protect [must be] germane to the organization’s purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.” Hunt, 432 U.S. at 343. See Bama Budweiser, 783 So.2d at 795.
ABC Coke and JCBH contend that GASP failed to show that it had standing as an association by neglecting to show that it or any of its individual members had been injured by the renewal of the permit. They contend that GASP failed to specify any particularized- injury in fact that any of its members suffered, failed to show that its members experienced injury to a “legally protected interest,” and failed to show that any injuries to its members were tied to an “unlawful act” of JCBH. Bama Budweiser and Hunt, among other cases upon which JCBH and ABC Coke rely, however, are cases involving the standing necessary to invoke the judicial adjudicatory process, i.e., to file a suit in the court system. The question here is whether GASP is entitled to a hearing before JCBH. As explained above, an administrative agency’s rules and proceedings are not bound by federal standing requirements. See Ecee, 645 F.2d at 349-50. Agencies promulgate rules to address the question of “standing” and to establish the eligibility criteria for contesting administrative actions within the administrative process. JCBH has done so by promulgating Rule 12 of its rules of administrative procedure. Rule 12.4 provides, in part:
“12.4.1. Any Person aggrieved by an administrative action of the [Air] Program, other than the issuance of any rule or regulation or emergency order, may file with [JCBH] a request for a hearing to contest such action ....
“12.4.2 Any person aggrieved by the issuance, modification or repeal of any rule or regulation by the [Air] Program may file with [JCBH] a request for a hearing to contest such administrative action within forty-five days of such action.
“12,4.3 Any person aggrieved by the issuance of an emergency order by the [Air] Program may file with [JCBH] a request for an expedited hearing to contest such administrative action.”
Rule 12.2.2 defines the term “aggrieved” as “having suffered a threatened or actual injury in fact.” Rule 12.2.5 defines the term “person” to include a corporation. In *1006 its. petition seeking a hearing, GASP asserted that it was a not-for-profit, membership corporation, that it was seeking relief on behalf of its members, and that its members were aggrieved by the issuance of the permit to ABC Coke because they had suffered, among other things, injurious soot deposits, unpleasant smells, and dangerous exposures to airborne carcinogens.
Pursuant to JCBH’s rules of administrative procedure, “any person aggrieved,” which includes a corporation (or an association as GASP has been considered by the parties), by. an administrative action may file a request for a hearing to contest such action. See Rules 12.2 and 12.4. GASP filed a petition for a hearing in which it alleged injuries suffered by its members resulting from JCBH’s issuance of the permit to ABC Coke, which satisfied the requirements that JCBH has established to afford a “person aggrieved” by an action an administrative review of the action. Again, JCBH and ABC Coke do not contend that GASP, as a corporation, could not assert claims on behalf of its members. Although JCBH’s rules of administrative procedure perhaps could have incorporated additional requirements based on standing principles applicable' in the court system, those requirements cannot be superimposed on JCBH’s rules. GASP’s petition met the requirements of JCBH’s rules of administrative procedure, and it was not required to meet anything more.
JCBH contends that the circuit court erroneously relied upon affidavits of GASP’s members that more particularly detailed the injuries allegedly resulting from the issuance of the permit, which GASP submitted in support of its summary-judgment motion. Those affidavits were not presented to JCBH or the hearing officer. Section 41—22—20(j), Ala. Code 1975, a part of the Alabama Administrative Procedure Act (“the AAPA”), § 41-22-1 et seq., Ala. Code 1975, requires that the proceedings in circuit court “be confined to the record and the additions thereto as may be made under subsection (i) of this section .... ” Although we agree that the affidavits were not properly before the circuit court, we note that the affidavits were not necessary because, as we held earlier, GASP was not required to meet any judicial-standing'requirements but, rather, was required to demonstrate only that it was a “person aggrieved” and, thus, entitled to an administrative hearing under JCBH’s rules of administrative procedure.
II. ’ Procedural Sufficiency of GASP’s Petition for a Hearing Under JCBH’s Rules of Administrative Procedure
JCBH and ABC Coke also contend that GASP’s petition for a hearing before JCBH was deficient under Rule 12 of JCBH’s rules of administrative procedure. Rule 12.4.4 provides, in pertinent part:
“A request for a hearing to contest an administrative action of the [Air] Program shall be made in writing and shall contain:
“(a) the name, mailing address, and telephone number of the person making the request;
“(b) a short and plain statement identifying the administrative action of the [Air] Program being contested;
“(c) a short and plain statement of the threatened or actual injury suffered by-the requester as a result of the administrative action of the [Air] Program;
“(d) a short statement of the terms and conditions which the requester proposes that [JCBH] should include in an order modifying or disapproving the [Air] Program’s administrative action; and
“(e) the .name, mailing address, and telephone number of the requester’s attorney, if represented by an attorney.”- ,
*1007 JCBH and ABC Coke contend that GASP’s petition for a hearing failed to include a short statement of GASP’s proposed terms and conditions that JCBH should include in an order modifying or disapproving the Air Program’s draft: permit, as required by Rule 12.4.4(d). In its petition for a hearing, GASP contested the entirety of the administrative action of the Air Program in renewing the Title V permit and stated: “GASP proposes that the Jefferson County Board of Health issue an order disapproving the issuance of Májor Source Operating Permit No. 4-07-0001-03 in its entirety.” GASP contends that its plea to JCBH to disapprove the permit in its entirety meets the requirements of Rule 12.4.4(d).' We agree; the single sentence quoted above plainly seeks an order containing terms and conditions denying the permit. We conclude that GASP’s request that JCBH disapprove entirely the reissuance of the permit sufficiently met the criteria set out in Rule 12.4.4.
JCBH and ABC Coke further contend that GASP’s petition for a hearing before JCBH failed to allege any specific error committed by the Air Program in issuing the permit to ABC Coke. Although such a requirement is not contained in Rule 12.4.4, JCBH and ABC Coke contend that GASP was required by law to allege some legal error on the part of JCBH in the reissuance of the permit to ABC Coke before it was entitled to a hearing. In its order denying GASP’s request for a hearing, the hearing officer concluded:
“First, GASP does not say what the [Air Program] did wrong. GASP has identified no alleged error that the Program committed • in reviewing ABC Coke’s Permit—no fact or legal theory which, if proved true or accepted, would support that result. Without this basic information, the Request for Hearing is hollow and fails to meet the burden for establishing that GASP has standing, because there is nothing to redress. Daimler-Chrysler Corp. v. Cuno, 547 U.S. 332, 342 [126 S.Ct. 1854, 164 L.Ed.2d 589] (2006) (internal - quotation, omitted) ... ■(‘A plaintiff must allege personal injury fairly traceable to the defendant’s allegedly unlawful conduct and likely to be redressed by the requested relief.’); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 [112 S.Ct. 2130, 119 L.Ed.2d 351] (1992). GASP’s' alleged injuries, which amount to civil tort claims, are not able to [be] redressed by [JCBH] or the Hearing Officer. GASP’s Request for Hearing is thus simply a grievance, overlooking a pleading requirement so fundamental that it is commonly taken for granted: unlawful conduct must be alleged.”
The cases cited by the hearing officer involve suits filed in court challenging agency actions , and are appropriately analyzed under “case or controversy” principles applicable to the issue of standing- under Article III of the United States Constitution. Alleging a specific error and/or asserting a legal theory for relief may be requirements for establishing a- case or controversy and invoking the judicial process, but they are not" requirements contained in JCBH’s rules of administrative procedure. In order to effectively and appropriately conduct a hearing on GASP’s objections, JCBH might require more information than what is contained in Rule 1214.4, but the absence of such information did not make GASP’s petition for a hearing fatally deficient.
Subsections (b) and (c) of Rule 12.4.4 require “a short and plain statement identifying the administrative action of the [Air] Program being contested” and “a short and plain statement of the threatened or actual injury suffered by the requester as a result of the administrative action of the [Air] Program.” In its petition for a hearing, GASP stated: “The adminis *1008 trative action of the Jefferson County Department of Health Air Pollution Control Program which is being contested is the issuance of Major-Source Operating Permit No.. 4-07-0001-03 to ABC Coke, A Division, of Drummond Company, Inc., on August 11, 2014.” Under the heading “Threatened.or Actual Injuries Suffered,” GASP stated that, among other reasons, it was seeking relief on behalf of its members who lived and worked in close proximity to the ABC Coke plant and that those members had suffered
“soot (particulate) deposits that are injurious to their homes and interfere with the enjoyment of their homés; smells that are unpleasant in and around their homes; exposures to airborne carcinogens in concentrations that tend to be injurious to human health and welfare; and exposures to airborne carcinogens in concentrations that create an incremental increase in the risk of cancer that is greater than 1 in 100,000.”
“[Wjhere an agency prescribes rules and regulations for the orderly accomplishment of its statutory duties, its officials must vigorously comply with those requirements; regulations are regarded as having the force of law and, therefore, become a part of the statutes authorizing them.” Hand v. State Dep’t of Human Res., 548 So.2d 171, 173 (Ala. Civ. App. 1988). The AAPA allows agencies to promulgate rules, and “so long as the agency holds out, through a duly adopted and promulgated agency regulation having the force of law, that a [specific] procedure is required— and since such an alternative to the AAPA procedure is authorized by § 41-22-20(b)—the agency must be held to its own standard.” Id. at 174.
JCBH’s rules of administrative procedure do not require GASP to articulate the alleged error committed by the Air Program to receive a hearing. Perhaps GASP would need to advance such an assertion to establish • standing to invoke the judicial adjudicatory process, but such an assertion is not required to entitle GASP to an administrative hearing.
III. Finality
GASP contends that the circuit court did not rule on all the claims raised by GASP in its pleading filed in the circuit court, including its petition for a common-law writ of certiorari and claims asserting violations of due process by JCBH. Accordingly, GASP contends that the judgment entered by the circuit court is not final and will not support the appeals filed by' JCBH and ABC Coke. GASP argues that the appeals should be dismissed, specifically claiming that when a summary judgment does not resolve all the claims against all the parties and is not certified as final pursuant to Rule 54(b), Ala. R. Civ. P., the judgment is not appealable. ABC Coke contends that the judgment of the circuit court ordered the matter remanded to JCBH to consider the merits of GASP’s petition for , a hearing and that, therefore, GASP received all the relief it had requested. We agree.
■ In GASP’s pleading filed in the circuit court, the relief sought by GASP for the alleged violation of its due-process rights was that the circuit court set aside JCBH’s decision “dismissing GASP’s Request for Hearing [and] set aside all intermediate filings of [the] Hearing Officer .... ” GASP also asked the circuit court to “remand the matter to [JCBH] with directions to assign another Hearing Officer and make arrangements for the compensation of that Hearing Officer in a manner that does not violate GASP’s due process rights ... [and] to conduct a new hearing ... in a manner that does not violate GASP’s due process rights .... ” The circuit court remanded the matter to JCBH in order for it to grant GASP’s request for a hearing and denied all of GASP’s other *1009 requests for relief. The circuit court ordered that,
“[w]ith regard to the intermediary orders of Defendant JCBH which [GASP] made subject to its appeal, the Court’s review of [GASP’s] right to judicial review is only with regard to the ultimate disposition of the issue which caused [GASP] to be an aggrieved person, namely the issuance of the said Permit. All other intermediate orders for which [GASP] seeks review by this Court are not reviewable orders and are due to be dismissed.”
“A summary judgment rendered on all the issues presented, or for all the relief requested, is a final order which can support a timely appeal.” Dees v. State, 563 So.2d 1059, 1060 (Ala. Civ. App. 1990)(citing Gamble v. First Alabama Bank, 404 So.2d 688 (Ala. Civ. App. 1981)). JCBH’s decision was to dismiss GASP’s petition for a hearing. The circuit court’s judgment reversed that decision and held that GASP was entitled to a hearing. The circuit court’s judgment disposed all of GASP’s claims for relief.
Furthermore, we note that a petition for the common-law writ of certio-rari, which GASP argues is a pending claim, is a method of review rather than a claim for relief. See Personnel Bd. of Jefferson Cty. v. Bailey, 475 So.2d 863, 867 (Ala. Civ. App. 1985). “Although a party seeking review of a ruling by an administrative agency may petition the court for a common-law writ of certiorari, this means of review is allowable only when no statutory right of appeal or statutory certiorari review is available.” Ex parte Worley, 46 So.3d 916, 921 (Ala. 2009). The existence of a statutory right to an appeal or another form of judicial review “forecloses review by way of a petition for a common-law writ of certiorari.” Id. at 922. Therefore, because the circuit court addressed all of GASP’s claims for relief and there was no further action for the circuit court to take, the judgment is final and appealable. Dees, 563 So.2d at 1060.
Conclusion
Although an agency is afforded deference in its decisions, the agency decision must be reversed when “substantial rights of the petitioner have been prejudiced because the agency action is ... [i]n violation of any pertinent agency rule.” § 41-22-20(k)(3). See also Ex parte Wilbanks Health Care Servs., Inc., 986 So.2d 422, 425 (Ala. 2007). Because we find that JCBH’s decision was not in compliance with its rules of administrative procedure, we affirm the judgment of the circuit court reversing the decision of JCBH and remanding the cause for JCBH to conduct the hearing requested by GASP. See Colonial Mgmt. Grp., 853 So.2d at 974-75.
2150489—AFFIRMED.
2150490—AFFIRMED.
Moore, J., concurs.
Thompson, P.J., and Pittman, J., concur in the result, without writings.
Thomas, J., dissents, with writing.

. ABC Coke became a division of Drummond Company, Inc., in 1985, when its predecessor Alabama By-Products Corporation merged with Drummond Company, Inc.

. " 'The intent of Title V is to consolidate into, a single document (the operating permit) all of the clean air requirements applicable to a particular source of air pollution.’ Sierra Club v. Ga. Power Co., 443 F.3d 1346, 1348-49 (11th Cir. 2006) (citing Operating Permit Program, 57 Fed. Reg. 32,250, 32,251 (July 21, 1992) (codified at 40 C.F.R, § 70))....
"In order to carry out Title V, Congress called on the states to design and enforce their own permitting programs and to submit those programs to the [federal Environmental Protection Agency] for final approval. 42 U.S.C. § 7661a.”
Sierra Club v. Johnson, 541 F.3d 1257, 1260 (11th Cir. 2008).